# Long v. Patterson.

*Action on Promissory Note, by Assignee against Maker.*

*Amendment of complaint.* — In an action on a promissory note, or due-bill, the complaint may be amended (Rev. Code, §§ 2809–10), by adding averments which show that the plaintiff sues, not as payee, but as assignee and owner.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. L. B. STRANGE.

This action was brought by P. H. Long against M. L. Patterson, and was commenced on the 9th June, 1870. The original complaint was in these words: "The plaintiff claims of the defendant three hundred and twenty-six dollars and eleven cents, due by due-bill made by him on the 18th day of July, A. D. 1862, and payable the same 18th day of July, A. D. 1862, with interest thereon from the 8th day of May then last past, to wit, the 8th May, 1862." At the May term, 1872, as the judgment entry at that term recites, the plaintiff asked leave to amend his complaint; "which leave being granted, he offered to file a new count, describing a due-bill payable to one John W. House, and averring that said due-bill was the property of the said plaintiff, but of the same tenor and date as described in the original complaint; which amended complaint was objected to by the defendant, and the objection sustained by the court, and the plaintiff excepted." At the next term, as the bill of exceptions shows, "the plaintiff again asked leave to amend his complaint, by averring that the due-bill sued on was payable to one John W. House, and was the property of the plaintiff at the commencement of the suit; which motion the court refused to entertain, because the same motion had been made and overruled at the last term of the court; and the plaintiff excepted." The court refused to allow the due-bill sued on to be read in evidence to the jury, under the original complaint, and the plaintiff again excepted; "and the rulings of the court being adverse to the plaintiff's right to recover, and the plaintiff having duly excepted thereto, he asked leave to take a nonsuit, with leave to review and have the same set aside on appeal," &c. The refusal of the proposed amendment of the complaint is now assigned as error.

FALKNER & MOLTON, for appellant.

BRICKELL, J. — The only limit to the right of amendment, under our statutes, is, that there must not be an entire change of parties, nor the substitution of an entirely new cause of action. *Crimm's Adm'rs* v. *Crawford*, 29 Ala. 623.

[Thornton v. Cochran.]

The amendment asked in this case proposed no change of parties, and no substitution of a new cause of action. The cause of action was the promissory note, or due-bill, which was misdescribed in the original complaint. In legal contemplation, the original complaint described it as payable to the plaintiff himself; while the amendment proposed a correction of this misdescription, by averring that it was in fact payable to a third person, but was the property of the plaintiff. The amendment should have been allowed, as should any other amendment merely correcting a misdescription of the instrument on which the suit is founded. In *Reed* v. *Scott* (30 Ala. 640), the complaint described the instrument sued on as a promissory note; and an amendment describing it as a bond, or instrument under seal, was held proper and allowable. The difference between the original and amended complaints, in the description of the cause of action, was as great in that case as in this. The proposed amendment cut off no meritorious defence which might have been offered, operated no prejudice to the defendant, and merely produced a correspondence between the cause of action alleged and that offered in evidence. The court erred in not permitting the amendment to be made. The judgment of nonsuit is, therefore, set aside, and the cause is remanded.