# Stringer *v.* Waters.

### *Action on Sheriff's Official Bond.*

1. *Statute of limitations to amended complaint.*—Where the original complaint is founded on a sheriff's official bond, and assigns as a breach the non-payment of a decree rendered against him as administrator by virtue of his office; and an additional count is filed, by leave of the court, as an amendment to the complaint, which counts on the probate decree only, and makes no reference to the bond; the amendment does not present new matter, to which the statute of limitations can be pleaded.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Louisa Stringer, against Philemon B. Waters, and was commenced on the 7th April, 1877. The original complaint contained only a single count, as follows: "The plaintiff claims of the defendant five hundred dollars, as a penalty for the non-performance of the condition of a bond executed by the said P. B. Waters, as sheriff of Butler county, Alabama, on the 14th day of August, 1855, in the penal sum of twenty thousand dollars, with Edward Bowen and John Bolling as sureties on his said bond. The condition of said bond was, that the said P. B. Waters should faithfully discharge the duties of said office; which said bond was approved by the probate judge of said county, and recorded according to law. Plaintiff avers that, while acting as sheriff under and by virtue of his said bond,

the said P. B. Waters was appointed *ex officio* administrator of the estate of William Sims, deceased; that he accepted said appointment, and acted as such administrator; that on a final settlement of said estate by the said P. B. Waters, to-wit, on the 20th day of April, 1859, a decree was rendered against him, in favor of the plaintiff and her husband, Alexander Stringer, who has since died; and that said decree was in favor of the plaintiff, as one of the legatees of said estate, for five hundred dollars; which said decree is still due and unpaid, and the property of the plaintiff. Plaintiff further avers, that said Edward Bowen and John Bolling, sureties on defendant's said bond, are both now dead; and that by reason of the failure, on the part of said P. B. Waters, to pay said decree, he has become liable to pay the same as a penalty for a breach of the conditions of his said bond; for which the plaintiff brings this suit, together with the interest thereon."

To this complaint the defendant pleaded—1st, not indebted; 2d, performance of the condition of said bond; 3d, payment and satisfaction of the probate decree; 4th, the statute of limitations of ten years, By leave of the court, the plaintiff added to her complaint, on the 12th July, 1879, a new count, as follows: "The plaintiff claims of the defendant the further sum of five hundred dollars, due on a decree rendered in the Probate Court of Butler county, on the 20th day of April, 1859, against the defendant, on his final settlement as the administrator of the estate of William Sims, deceased, in favor of the plaintiff and her husband, Alexander Stringer, who is now dead, together with the interest thereon." To this count the defendant pleaded "the same pleas as to the original complaint, and the further plea of the statute of limitations of twenty years;" and issue seems to have been joined on all these pleas. On the trial, as the bill of exceptions shows, the plaintiff read in evidence the defendant's official bond as sheriff, the probate decree described in the complaint, the will of William Sims containing the legacy to the plaintiff, and her own deposition as to the death of her husband, the non-payment of the decree, &c. This being all the evidence, the court charged the jury, if they believed the evidence, they must find for the defendant. This charge, to which the plaintiff excepted, is the only matter assigned as error.

J. M. WHITEHEAD, for the appellant, contended that the amended complaint did not set up a new cause of action, and that the statute of limitations did not bar the suit.

[Gordon's Adm'r v. Ross and Wife.]

STONE, J.—The present record presents but a single in-quiry: Did the statute of limitations run, as to the matter set up in the amended complaint, until that amendment was made? In *King v. Avery*, 37 Ala. 169, we stated the rule as settled, "that if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has the right to insist on the benefit of the statute, until the time that the new claim is presented; because, until that time, there was no *lis pendens*, as to that matter, between the parties. On the contrary, if the amendment set up no new matter or claim, but simply vary the allegations as to a subject already in issue, then the statute will run only to the filing of the orig-inal bill."—See, also, *Bradford v. Edwards*, 32 Ala. 628. We do not understand *Lansford v. Scott*, 51 Ala. 557, as intend-ing to overturn or weaken this principle. We think this rule sound, and will adhere to it.

The original complaint, in the present case, counts on the bond of Waters given as sheriff, he having been appointed administrator of Sims by virtue of his office. In April, 1859, Waters came to a settlement of his administration, and a decree was rendered against him, in favor of Louisa Stringer, a legatee under the will of Mr. Sims. The original complaint describes that decree, and the breach alleged is its non-payment. The amended complaint makes no refer-ence to the bond, but counts on the probate decree. Like the original count, the breach it alleges is the non-payment of that decree. This is not a new matter or thing, not be-fore asserted, but simply a variation of allegations, as to a subject already in issue. The breach assigned in each count is identical in terms and effect; namely, the non-payment of one and the same decree. The Circuit Court erred in the charge given, and the judgment must be reversed, and the cause remanded.