# Ricketts *v.* Weeden.

*Action on Promissory Note ; Plea; Statute of Limitations.*

1. *Amended complaint; plea of statute of limitations.*—In an action on a promissory note, the original complaint not averring to whom the note was payable, but being in the form prescribed for an action "by payee against maker" (Code, p. 701, Form No. 4); an amendment of the complaint, averring that the note was payable to a third person, and was by him assigned to the plaintiff, does not introduce a new cause of action, to which the statute of limitations may be pleaded.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by David Ricketts, against John D. Weeden, and was commenced on the 1st October, 1868. The original complaint was in these words : " The plaintiff claims of the defendant $270, due by promissory note made by him and one T. J. Eubanks, on the 29th day of January, 1861, and payable on the 29th day of January, 1861, with interest thereon. The note sued on is subject to a credit of $7.50, paid September 4th, 1861." At the November term, 1876, the plaintiff was allowed to amend his complaint, as follows : " By striking out the words and figures ' *on the 29th day of January, 1861*,' where they occur after the word ' payable,' and inserting, in lieu thereof, the words following, to-wit : ' *one day after the date thereof, to Sam. Manning or bearer ;*' and by adding, after the word ' *interest*,' the following averment, to-wit : " *and the plaintiff avers, that said note is the property of the plaintiff*.' The defendant pleaded, "in short by

[Roberts v. Taylor.]

consent," the general issue, failure of consideration, want of consideration, payment, and the statute of limitations of six years ; and issue seems to have been joined on all these pleas. On the trial, as the bill of exceptions shows, the plaintiff proved by one of the attorneys whose names were signed to the original complaint, that he had sent to them, for collection, a note corresponding with that described in the amended complaint, and that said note had been lost since the commencement of the suit, and since the last term of the court. " No objection was made by the defendant to the sufficiency of the proof, either as to the existence of the note at the commencement of the suit, or as to its subsequent loss." On this evidence, the court charged the jury, that the note described in the original complaint was, in legal contemplation, payable to the plaintiff, though not expressly so described ; " and that in considering the plea of the statute of limitations, the suit on the note described in the complaint as amended, and by the witness in his testimony, must be regarded as having been commenced during the last term of the court, when leave was given to amend the complaint, to-wit, on the 21st November, 1876, and not on the 1st day of October, 1868, when the suit was originally instituted." The plaintiff excepted to this charge, and he here assigns it as error.

CABANISS & WARD, for appellant.

PER CURIAM.—The amendment of the complaint did not, as was supposed by the court below, introduce a new cause of action : it merely corrected a misdescription of the note sued on. On the authority of *Long v. Patterson*, 51 Ala. 414, and *Stringer v. Waters*, at the present term (63 Ala. 361), the judgment must be reversed, and the cause remanded.