## Sublett *v.* Hodges.

*Action on Common Counts for Work and Labor.*

1. *Testimony of party as to transactions with decedent; transferror as witness for transferree.*—Under the settled construction of the statute relating to the competency of parties as witnesses where the estate of a deceased person is interested in the suit (Code, § 2765), the transferror of the claim sued on, or of an interest therein, is not a competent witness for his transferree, as to any transaction with a deceased defendant, whose administrator has been made a party by revivor.

2. *Same; exception "when called to testify by opposite party."*—In an action on contract against two defendants jointly, one of them having died, and the action been revived against his administrator, the surviving defendant can not testify, as a witness for "the defendants," to any transaction between the decedent and the plaintiff, touching the contract sued on; not being within the exception to the statute (Code, § 2765), "called to testify thereto by the opposite party," who is the plaintiff.

3. *General charge on evidence.*—When the evidence is conflicting, or different inferences may reasonably be drawn from it by the jury, a general charge in favor of either party is erroneous

4. *When recovery may be had for work and labor.*—If the defendants jointly promised, unconditionally, to pay for work done by plaintiff in the construction of a building, or an addition to it, and the work was done skillfully and in due time, plaintiff is entitled to recover the stipulated compensation, if any was agreed on, or the reasonable value of the work, if no price was agreed on; and his right of recovery is the same, though another person was at first interested with him in the contract, and has transferred his interest to plaintiff.

5. *Amendment of complaint.*—Where the original complaint contains only the common counts for work and labor done for defendants by plaintiff alone, an amended count alleging that the work was done for them by plaintiff and a third person, who is shown to have transferred his interest to plaintiff, does not present a new cause of action, to which the statute of limitations can be pleaded.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by W. M. Sublett, against James W. Hodges and J. S. Bain, and was commenced on the 26th September, 1884. The original complaint contained only the common counts, claiming of defendants the sum of $193, alleged to be due by account from defendants to plaintiff in September, 1883, and a like sum for goods sold and delivered, and also for work and labor done. To this complaint the defendants jointly pleaded, (1) the general issue, and (2) payment. Afterwards, the death of J. S. Bain was sug-

[Sublett v. Hodges.]

gested, and the action was revived against his administrator. During the trial, as appears from the bill of exceptions, evidence being adduced showing that one W. M. Coleman had at one time an interest in the contract jointly with the plaintiff, an amended complaint was filed, claiming $193 for work and labor done by plaintiff and said Coleman for defendants, under contract between them, and alleging that the claim belonged to plaintiff. To the amended complaint, or new count, the defendants pleaded the statute of limitations of three years.

On the trial, as appears from the bill of exceptions, the evidence showed that, during the summer of 1883, the plaintiff and said W. M. Coleman had erected a church building for certain church trustees, and on the completion of the building, in September, they added another story to it for a masonic hall, on the defendants' promise, as plaintiff claimed, to pay for the additional work. The stipulated price for the additional work was $133; but changes were made, by agreement, the reasonable value of which was proved to be $60. The church trustees paid the agreed price for the church building, and there was no contest between the parties as to the performance of the additional work, its quality or reasonable value; but they differed as to the terms of the contract, and the defendants denied any liability whatever. The plaintiff introduced said W. M. Coleman as a witness, who testified, that he was present and heard the conversation between the parties, when defendants agreed to pay plaintiff $133 for the erection of the masonic hall over the church; that plaintiff told defendants, after the contract was agreed on, "that his rule was to put his contracts in writing, and they told him to write it out and bring it over, and they would sign it;" that plaintiff then offered to let him have a half interest in the contract, and he agreed to take it, but the defendants were not then present; that he was an equal partner with plaintiff for twelve or thirteen days, and then sold out his interest to plaintiff before the completion of the work; that Bain sent word by him to plaintiff about the proposed changes in the work, promising to pay one-half of the additional cost, and that the church people would pay the other half. The defendants moved to exclude from the jury "all that said witness had testified about conversations and transactions with said J. S. Bain, because said witness had been interested in the subject-matter of the suit;" which motion the court sustained, and plaintiff excepted.

[Sublett v. Hodges.]

"The defendants introduced J. W. Hodges as a witness, who was one of the defendants, and who testified as follows: 'I never had anything to do with Sublett about it, nor spoke to him in relation to it.' Plaintiff objected to this testimony of said witness, as to conversations with J. S. Bain, deceased, and moved to exclude the same from the jury, on the ground that said witness was a party to the suit, and the estate of said Bain was interested in the result of the same; which objection the court overruled, and the plaintiff excepted. Said witness continued to testify thus: 'We met there, and I had a conversation with Coleman and Bain about a masonic hall over the church. Plaintiff was at work a little piece off, and Coleman called him to make the calculations; and that was about all plaintiff had to do with said contract. We all agreed on $133 for the work, and Coleman was to pay $20 of that. I told Coleman to draw writings to do the work, and take subscriptions together, and that I would go around and see the masons before I would have anything to do with it. . . I objected to having anything to do with the building of the hall until after the subscriptions were gotten up. I met Bain there to see about building the hall, but never spoke to plaintiff about it until long afterwards, when he came to me to get his money on the church."

The court gave a general charge on the evidence in favor of the defendants, on their request, and refused to give a general charge in favor of the plaintiff; and to each of these rulings the plaintiff duly excepted.

The rulings above noted are now assigned as error.

HUNT & CLOPTON, and O. D. STREET, for appellant.

HAMIL & LUSK, contra.

SOMERVILLE, J.—1. It is settled by our decisions, that the transferror of a *chose in action* is not a competent witness for his transferree under the statute, in a suit by the latter against the personal representative of a decedent, as to any statement or transaction occurring between himself, or between other persons, and such decedent.—*Drew v. Simmons*, 58 Ala. 463; *Lewis v. Easton*, 50 Ala. 470; *Goodlett v. Kelly*, 74 Ala. 213; Code, 1886, § 2765.

Under this principle, the Circuit Court properly excluded so much of the testimony of the witness W. M. Coleman as related to conversations and transactions with the decedent

[Sublett v. Hodges.]' . ·

Bain, touching the claim in suit. The witness is shown to have had a half-interest in this demand, which he held for a time, and then transferred to the plaintiff, Sublett. He was, therefore, a transferror within the meaning of the rule.

2. The court erred, however, in allowing the defendant Hodges to testify, against the plaintiff's objection, as to conversations or transactions occurring between the witness, the decedent Bain, and Coleman, who was transferror of the plaintiff. The case must be treated as if the transaction testified to had been one between the witness, the decedent, and the plaintiff himself, inasmuch as the latter claims as Coleman's transferree. We have the case, then, of a suit by the plaintiff against Hodges and Bain's personal representative, on a joint and several demand. Can the personal representative introduce his co-defendant, Hodges, to testify against the plaintiff, the latter objecting to the testimony, on the ground that it related to a transaction with the deceased, whose estate was interested in the result of the suit?

At common law, the rule was, that a person named on the record as a party, was incompetent to testify without the consent of all other parties to the record. The right of objecting was a mutual and several privilege, and not merely a joint one.—1 Greenl. Ev. § 354. The statute now renders parties competent, with two exceptions, one of which is, that neither party is to testify against the other, as to "any transaction with, or statement by any deceased person, whose estate is interested in the result of the suit, *unless* called to testify thereto by the opposite party."—Code, 1886, § 2765. The witness, Hodges, falls clearly within the letter of the prohibitory exception. (1) He is a party to the record. (2) His testimony relates directly to a transaction between himself, the decedent, whose representative is also a party defendant, and the plaintiff's assignor. (3) His testimony is adverse to the plaintiff.

It is true that the administrator of Bain waives all objection to Hodges, and calls him as a witness. But there is no waiver on the part of the plaintiff, who is also a party, and whose rights may be injuriously affected by the testimony. He is an "opposite party" within the meaning of the statute, and his consent was requisite in order to authorize the witness to be called.—*Mob. Sav. Bank v. McDonnell*, 87 Ala. 736.

This result comports also with the equity of the statute, which has in view the idea of preserving perfect equality and justice between the parties litigant, so far as practicable. If

the lips of the plaintiff are sealed by the law, because he is a party, and he is, for this reason, forbidden to testify against either Hodges or Bain's estate, it would seem to be unjust, that the administrator, within his mere discretion, should be empowered to let Hodges testify against the plaintiff, and by his *ipse dixit*, at the same time, prevent the plaintiff from making any counter explanation as against Hodges himself, a living party defendant. It is further manifest, that the plaintiff, by waiving objection, could not have introduced Hodges as a witness against Bain's estate. No more ought the representative of the estate to be permitted to introduce him against the plaintiff.

3. The court erred in giving the general affirmative charge requested by the defendants, in view of the conflict in the evidence bearing on the main issue of indebtedness *vel non* to the plaintiff, in reference to which opposite inferences might reasonably have been drawn by the jury.

4. If Hodges and the decedent, Bain, jointly agreed unconditionally to pay for the work of constructing the building, or any part of it, and the work was skillfully executed in proper time, the plaintiff would *prima facie* be authorized to recover the reasonable value of the work, if there was no price fixed, or the stipulated price, if any was agreed on between the contracting parties. And this would be true, whether the contract was made with the plaintiff alone, or, as averred in the amended complaint, with plaintiff and Coleman jointly, provided the claim was the property of the plaintiff at the time the action was commenced.

5. The amended complaint introduced no new cause of action, so as to be barred by the statute of limitations of three years, which was pleaded. It only corrected a supposed misdescription in the account or demand already in suit. The case of *Long v. Patterson*, 51 Ala. 414, in principle is conclusive of this point.

For the error of giving the charge, to which exception was taken, the judgment is reversed, and the cause remanded.