# Chambers *v.* Talladega Real Estate & Loan Association.

## *Action on a Bond.*

1. *Pleading and practice; complaint counting upon promissory note can be amended so as to describe the instrument as a bond.* Where a complaint as originally filed counts upon a promissory note made by the defendant to the plaintiff, the complaint may be amended by the addition of other counts correctly describing the instruments sued on as a bond or writing under seal; and such amendment relates back to the time of the filing of the original complaint.

2. *Same; same; statute of limitations.*—Where a suit counting upon a promissory note is filed within ten years from the date of writing, the subsequent amendment of the complaint by correctly describing the instrument sued on as a bond, or writing under seal, though made after the expiration of the bar of the statute of limitations, does not fall within the bar of the statute, but relates back to the time of filing the original complaint.

3. *Action upon a note; sufficiency of plea of payment.*—In an action upon a note given by the defendant to the plaintiff in payment of the purchase of land, a plea which avers that after the execution of the note the plaintiff agreed to allow a railroad company to build its track across the lot purchased, and upon defendant's objecting thereto, the plaintiff agreed with the defendant that the damages occasioned thereby should be taken and deducted from the note sued on, and that the damage occasioned to the defendant by the building of the railroad on the lot was the full amount due on the note, and that, therefore, the same was fully paid, presents a defense to the action.—(Tyson and Sharpe, JJ., dissenting on the ground that such plea was bad for the failure to show a consideration to support the agreement to discharge the note.)

4. *Same; same.*—In an action upon notes given for the purchase money of lands, a plea which avers that at the time of the execution of the instrument sued on, the plaintiff delivered to the defendant a•bond to make title to him upon the payment of said notes, and that subsequently a railroad com-

[Chambers v. Talladega Real Estate & Loan Association.]

pany, at the request and invitation of the plaintiff, took possession of a portion of the lands, and on account of such possession the plaintiff can not put the defendant in possession of the whole of the tract in accordance with the bond for title, but which contains no averment that the plaintiff made any conveyance of any right, title, or interest in or to the land which the railroad company took possession of, or received any consideration from it for its right of way over and across the land, is insufficient and subject to demurrer.

5. *Dedication of streets; sale of right over street after dedication, inoperative and void.*—Where the owner of a tract of land has it surveyed and platted, with streets dividing the blocks and squares, and each block subdivided into lots, and sells off a lot or lots by their number and description on the map, this is a dedication of the several streets to the public; and after such dedication of the streets the original owner is without authority to interfere with the use of them by the public, and any attempt on his part to sell or convey the right and privilege to the railroad company to build and operate its track along and over such streets, is a nullity.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This was an action brought by the appellee, The Talladega Real Estate & Loan Association, against the appellant, George W. Chambers, and was instituted on May 19, 1898.

The complaint, as originally filed, counted upon two promissory notes, alleged to have been given by the defendant to the plaintiff on May 23, 1887, and due respectively on May 23, 1888, and May 23, 1889. Subsequently, on September 15, 1899, the plaintiff amended his complaint by adding two counts thereto. This amendment is shown in the opinion. To the amended complaint the defendant filed 12 pleas. In the first three pleas he pleaded the general issue. The fourth plea was as follows: "Fourth. The consideration of the said instruments sued on has failed before the institution of this suit." In the fifth plea the defendant pleaded that the instruments were without consideration. By the sixth he set up payment of the instruments sued on before the institution of the suit. The seventh plea is substantially set forth in the opinion; and it is, therefore, unnecessary to set it out in detail.

The remaining pleas were as follows: "Eighth. Defendant avers that the consideration of the said instruments sued on failed in this, to-wit, said instruments were given for the purchase money of a tract of land for which defendant gave the said instruments to the plaintiff upon executing and delivering to him its bond for title for the said lands. Afterwards, a railroad company, at the request and invitation of plaintiff, took possession of a portion of the said lands, and the remainder has since lain out vacant and in the actual possession of no one. The said plaintiff has not executed a deed and placed defendant in possession of the land, and on account of the possession of the said railroad, as aforesaid, can not put defendant in possession of the said tract. The plaintiff has broken its contract and defendant is not liable to pay the said instrument sued on.

"Ninth. The cause of action set forth in the said counts, as now amended, was never set forth in any complaint of plaintiff until set forth in said amendment, and was never, until said amendment a *lis pendens* or embraced in any *lis pendens,* or claimed by plaintiff as a ground of recovery, or cause of action against the defendant; and for answer to said amendment and amended complaint, and to each count thereof, separately, the defendant says that the cause of action therein set forth is on instruments under seal and is barred by the statute of limitations for ten years, and was so barred at and before said amendment and amended complaint was filed.

"Tenth. The cause of action set forth in the said counts, as now amended, was never set forth in any complaint of plaintiff, until set forth in said amendment; and was never, until said amendment a *lis pendens* or embraced in any *lis pendens,* or claimed by plaintiff as a ground of recovery, or cause of action against the defendant; and for answer to said amendment and amended complaint, and to each count thereof, separately, the defendant says that the cause of action therein set forth is on instruments under seal and is barred by the statute of limitations of six years, and was so

barred at and before said amendment and amended complaint was filed.

"Eleventh. The defendant for separate answer to each count of the complaint, as now amended, says that the said instruments sued on are under seal and are barred by the statute of limitations of ten years.

"Twelfth. The defendant for separate answer to each count of the complaint, as now amended, say that the said instruments sued on are barred by the statute of limitations of six years."

To the fourth plea to the amended complaint, the plaintiff demurred on the ground that said plea failed to set out facts showing the want of consideration of the instruments sued on. To the seventh and eighth pleas, respectively, the defendant demurred upon the following grounds: 1. It fails to set forth the nature of the agreement which it is alleged the plaintiff made with the defendant in regard to the railroad building across the lot sold to the defendant. 2. There was no consideration for the agreement. 3. That the defendant sought to set up a failure of the title to the property in suit for the purchase money while in possession, without showing that the plaintiff was insolvent. 4. That the plea failed to set forth the nature and extent and character of the damage done to the defendant by the railroad building across said lot. 5. Said plea showed that the railroad was the one who was liable, if any one was, for building across his lot. The plaintiff demurred to the ninth and eleventh pleas on the ground that the amended counts of the complaint related back to the filing of the original complaint, and that it was shown that at the time of the filing of the original complaint, the notes sued on were under seal, and that, therefore, the action was not barred by the statute of limitations of ten years; and that the amendment did not introduce a new cause of action, but simply changed the description of the instrument sued on.

To the tenth and twelfth pleas the plaintiff demurred on the ground that six years was no bar to a suit upon instruments under seal. These demurrers as interposed to the defendant's several pleas, were sustained, and to this ruling the defendant duly excepted. Thereupon

the defendant amended the fourth and eighth pleas. The fourth plea as amended was in words and figures as follows: "Defendant avers that the said instruments sued on were made and given by the defendant to the plaintiff as a part of the consideration for block No. Five (5) of the Moorefield addition to the city of Talladega, which said block is composed of .... lots, and said block fronting upon the extension of Battle street, which said extension of Battle street was the property of the said plaintiff at the time of the said sale to defendant, and was platted as a street by the plaintiff upon a certain map of its property, including said block Five (5), and which was duly certified, according to law, was then and is now recorded in Book of Land Plats, Vol. 1 on page 1, in the office of the judge of probate of Talladega county, Alabama. That at the time of the said sale of the said block to the defendant, the said block was unoccupied, and no one was in the actual possion thereof; that at the time of the said sale and the giving of said instruments the plaintiff made and executed and delivered to this defendant bond for title to the said block Five, wherein it was agreed, upon the payment of the said balance of purchase money, it would execute and deliver to the defendant a deed to the said block Five, with warranty, conveying the same to defendant in fee simple; that afterwards, on to-wit, the 14th day of February, 1891, the said block was vacant, uninclosed and not in the actual possession of any one, and the plaintiff did then and there sell and convey to the Alabama Mineral Railroad Company, a body corporate, the right and privilege of locating, building and operating a railroad in and upon the said extension of Battle street, where the said block Five fronts thereon; and, that the said railroad company did, then and there, take possession of a strip of land in and through said street at said point in width, to-wit, twenty (20) feet, and did build thereon an embankment about five (5) feet high, by to-wit, 15 feet wide, and did place upon said embankment a line of railroad; and that the said railroad company has ever since then maintained and operated a railroad in said street along said em-

[Chambers v. Talladega Real Estate & Loan Association.]

bankment, and line of railroad, and is now, and has been ever since then in the actual and adverse possession of the said strip of land through the said street; and defendant alleges that he was not at the time of the bringing of this suit, nor at any time since the said sale and conveyance to said railroad company, nor is he at the present time in possession of the said land, or any part thereof. Defendant alleges that one-half ($\frac{1}{2}$) of the said embankment and railroad track was located, and is upon that half of the said street which lies next, and is adjacent to the said block No. Five. Defendant further alleges that the said embankment in the said street and the location of the said railroad thereon had practically destroyed the value of the said lots so that the same can not be sold, or used, for the purpose of building thereon. Defendant further alleges that the consideration that he was to pay for the said block was twelve hundred dollars ($1,200), and that at the time of said purchase and the giving of said instruments, he paid in cash, to the plaintiff the sum of four hundred dollars ($400). Defendant alleges that by such action in the conveyance of said strip of land to the said railroad company by the plaintiff, that the said block of land is worth only, to-wit, $200; and that, therefore, the consideration of said instruments has wholly failed."

The eighth plea as amended was substantially the same as the fourth plea, with the following additional averment: "Defendant alleges that by such action in the conveyance of said strip of land to the said railroad company by the plaintiff, that the plaintiff did violate its said contract of sale to defendant, and did place it beyond the power of the said plaintiff to carry out its contract of sale by conveying said property to defendant in fee simple; and that, thereupon, the defendant did elect to rescind the said contract of sale and did so notify the said plaintiff of said election, and did demand that the said plaintiff refund to the defendant the amount of the purchase money he had paid, and surrender the said instruments; and did, also, then and there, and at divers time thereafter, notify the said plaintiff that he would not pay the said instruments."

It is unnecessary to set out the seventh plea as amended, since after the overruling of the demurrer thereto the defendant withdrew said plea.

To the fourth and eighth pleas, as amended the plaintiff separately demurred upon the following grounds: 1. For that it is not denied that defendant received possession of said lots in said block No. Five from the plaintiff at the time he purchased the same. 2. For that said plea as amended is no answer to the complaint. 3. For that it does not appear that the plaintiff had any right to make any conveyance to the Louisville & Nashville Company, which would or could operate to injure or destroy property rights of the defendant. 4. For that it appears that the alleged acts or doings of the plaintiff complained of occurred subsequent to the making of said contract of sale. 5. For that it appears that the defendant was and still is in constructive possession of said lots. The court sustained these demurrers to the fourth and eighth pleas as amended, and the defendant declining to plead further, the cause was submitted to the court without the intervention of a jury upon the remaining pleas interposed by the defendant. The plaintiff offered evidence to sustain its claim, and judgment was rendered for the amount claimed, with interest; and from this judgment the defendant appeals, and assigns as error the rulings of the court upon the pleadings.

BROWNE & DRYER, for appellant.—The eleventh plea was the statutory form of the plea of the statute of limitations of ten (10) years, and was not, of course, subject to demurrer. Plaintiff having alleged under *videlicets* defendant was put on notice that the proofs as to the due dates of the instruments sued on might not correspond with the allegations of the amended complaint. Demurrers could not meet such erroneous allegations of time. Hence, in such a case the plea of the statute of limitations is necessary for that reason if for no other. But the statute of limitations in courts of law is a personal defense which must be specially pleaded, or it is regarded as waived. Though the fact

[Chambers v. Talladega Real Estate & Loan Association.]

is apparent on the face of the complaint, the defendant cannnot avail himself of the statute. He is bound to plead it specially.—*Conden v. Enger & Co.*, 113 Ala. 237; *Bowling v. Jones*, 67 Ala. 508; *Huss v. C. R. & B. Co.*, 66 Ala. 472; 3 Brick. Dig., 618, § 9.

If during the pendency of the suit any new matter or claim, not before asserted, is set up and relied upon by the plaintiff, the defendant has a right to insist upon the benefit of the statute until the time that the new claim is presented, because until that time there is, no *lis pendens* as to that matter between the parties.— *King v. Avery*, 37 Ala 169. When the amendment is made from a promissory note to a bond, though the cause of action is not different, the subject of the pleading as matter of pleading is different, and where so variant from the subject already in issue or which could have been put in issue by pleading to the original complaint, the new matter or claim is not within the *lis pendens* of the original complaint, and in such case the bar of the statute accruing after suit and before amendment, may be successfully pleaded.—*Winston v. Mitchell*, 93 Ala. 554; *Dowling v. Blackman*, 70 Ala. 303.; *Stringer v. Waters*, 63 Ala. 361; *Baker v. Railway Co.*, 92 Ala. 314; *A. & C. R. R. Co. v. Ledbetter*, 92 Ala. 326; *A. G. S. R. R. Co. v. Smith*, 81 Ala. 229; *Mohr v. Lemle*, 69 Ala. 180; *Lansford v. Scott*, 51 Ala. 557.

A written promise, under seal, to pay money is not a promissory note, nor can it be declared on as such. To the words "promissory note" the law attaches a distinct meaning, which does not include a bond or instrument under seal.—*Breitling v. Marks*, 26 So. Rep. 203; 123; Ala. 222; *Reed v. Scott*, 30 Ala. 640; *Muse v. Dantzler*, 85 Ala. 359. Where the complaint counts on a note and the evidence offered is a bond, the variance is fatal and the general affirmative charge should be given for the defendant.—*Phillips v. Americus Guano Co.*, 110 Ala. 521; *Reed v. Scott, supra.*

KNOX, BOWIE & DIXON, *contra.*—"A plea of the failure of consideration to a contract when it fails to state the fact showing the failure, is demurrable."—*Sims v. Herzfeld*, 95 Ala. 145; *Carmelich*

*v. Mims,* 88 Ala. 335. A person put in possession of land cannot defend against the purchase money notes. *Union Stave Co. v. Smith,* 116 Ala. 416; 1 Brickell Dig. 512.

When a suit is brought upon an instrument in writing, and it is described as a promissory note, when in fact it is a note under seal, the complaint can be amended so as to properly describe the instrument.— *Reed v. Scott,* 30 Ala. 460; *Davis v. McWhorter,* 22 S. R. 119; 122 Ala. 570; *McCrummen v. Campbell,* 82 Ala. 566. When a complaint is amended and no new cause of action is introduced, and the amendment is within the *lis pendens* and simply varies the averment as to the subject matter already at issue, the statute will run only to the filing of the original complaint.— *Dowling v. Blackman,* 70 Ala. 303; *Stringer v. Waters,* 63 Ala. 361; *Agee v. Williams,* 30 Ala. 636; *Bradford v. Edwards,* 32 Ala. 628; *Long v. Patterson,* 51 Ala. 549; *Ricketts v. Weeden,* 64 Ala. 548; *Doe ex dem v. Richardson,* 76 Ala. 329; *Ala. G. So. R. R. Co. v. Thomas & Son.,* 89 Ala. 294, 304; *Winston v. Mitchell* 93 Ala. 554; *Turner v. White,* 97 Ala. 545; 1 Encyc. of Pl. & Pr., pp. 621, 622, 623.

TYSON, J.—The court sustained demurrers to several pleas of the defendant, invoking the defense of the statute of limitations of six and ten years. The original complaint, consisting of two counts, declares on two promissory notes executed by the defendant, on, to-wit, the 23d day of May, 1887, each in the sum of four hundred dollars, with interest thereon from date, due respectively, one payable twelve months after date and the other payable on the 23d day of May, 1889. The acceptance of service of the summons and complaint is of date May 19th, 1898, four days less than ten years after the maturity of the first maturing note, and one year and four days less than ten years after the maturity of the second.

On the 15th day of September, 1899, the complaint was amended so as to read as follows: "1. Plaintiff claims of the defendant the sum of eight hundred dol-

[Chambers v. Talladega Real Estate & Loan Association.]

lars ($800), due by two certain notes, under seal, bond or bill single, for four hundred dollars each, both made by him on, to-wit, the 23d day of May, 1887, one payable on, to-wit, the 23d day of May, 1889, and one payable on, to-wit, twelve months after the date of said note, with interest thereon from the date of said notes, which is, to-wit, the 23d day of May, 1887.

"Plaintiff avers that in each of said notes under seal, bond or bill single, the defendant waived all exemptions he had as to personal property, and plaintiff claims the benefit of such waiver.

"2. Plaintiff claims of the defendant the sum of, to-wit, $800, due by two notes under seal, bond or bill single, which are in words and figures as follows, to-wit: 'Talladega, Ala., May 23, 1887. On the 23rd day of May, 1889, I promise to pay The Talladega Real Estate & Loan Association the sum of four hundred dollars, value received, in part payment for "Block No. 5," of the Moorefield Addition of the City of Talladega, with interest from date, payable at the bank of Isbell & Co., and in favor of this note I hereby waive all my exemptions of personal property.

" 'Witness my hand and seal this 23rd day of May, 1887.

" 'GEORGE W. CHAMBERS.    [L. S.]

" 'Talladega, Ala., May 23, 1887.—Twelve months after date I promise to pay to The Talladega Real Estate & Loan Association the sum of four hundred dollars, value received, in part payment for "Block No. 5," of the Moorefield Addition of the City of Talladega, with interest from date, payable at the bank of Isbell & Co., and in favor of this note I hereby waive all my exemptions of personal property. ,

" 'Witness my hand and seal this 23rd day of May, 1887.

" 'GEORGE W. CHAMBERS.    [L. S.]

"And plaintiff avers that both of said notes, under seal, bond or bill single, were made by the defendant on to-wit, the 23rd day of May, 1887, one payable twelve months after date, the other on, to-wit, the 23rd day of May, 1889, with interest thereon from the date of mak-

ing thereof, and plaintiff avers that in each of said notes under seal, bond or bill single, the defendant waived all exemptions that he had as to personal property against the collection of the above claim, and plaintiff claims the benefit of such waiver."

Does this amendment relate back to the filing of the original complaint? The answer to this question depends upon the solution of the question whether or not, the amendment introduces a new cause of action or claim. If it is the same cause of action, the same promise, as that declared upon in the original complaint, then the amendment does relate back and the statute of limitations as pleaded is not a bar. If the amendment was made simply to cure a misdescription of the instrument containing the promise so as to obviate a variance between the allegations of the original complaint and the instrument to be offered in evidence, then it is the same promise, the same claim, the same cause of action, and if the statute of limitations had not completed the bar when the original complaint was served, there was no error in holding the pleas bad. *Sublett v. Hodges*, 88 Ala. 491; *Dowling v. Blackman*, 70 Ala. 303; *Ricketts v. Weeden*, 64 Ala. 548; *Stringer v. Waters*, 63 Ala. 631; *Steed v. McIntyre*, 68 Ala. 407; 1 Ency. Pl. & Pr., p. 621, and note 3.

The limit of the right of amendment, under our statute, is there must not be an entire change of parties, nor the substitute of any entirely new cause of action.— Code, § 3331; *Long v. Patterson*, 51 Ala. 414; *Mahan v. Smitherman*, 71 Ala. 563; *Springfield Fire & Marine Ins. Co. v. De Jarnett*, 111 Ala. 248, and authorities therein cited.

The amendment made in this case is substantially the one which this court in *Reed v. Scott*, 30 Ala. 640, held, that the plaintiff should have been allowed to make. In that case, the complaint was in the Code form, declaring on a promissory note. The amendment proposed by the plaintiff was to amend his complaint "so as to describe said note, or instrument in writing, as under seal." The court said: "Following the late decisions of this court in the cases of *Crimm's Adm'rs.*

*v. Crawford* (29 Ala. 623), and *Farrow v. Bragg,* (30 Ala. 261), at the last term, we must hold that the circuit court erred in refusing to permit the plaintiff to amend his complaint, by inserting a correct description of the instrument sued on." An examination of those decisions will show that the principle, upon which the amendments to the complaints allowed by the lower courts were sustained, was that they introduce no new cause of action, but merely inserted that what was necessary to secure a recovery upon the existing cause of action imperfectly set forth in the original complaints. See also *Davis v. McWhorter,* 122 Ala. 570.

The amendment here under consideration was clearly to correct a misdescription of the instruments sued on, and introduced no new cause of action.

The insistence, however, is made, that the "plaintiff having alleged under *videlicets,* defendant was put on notice that the proofs as to the due dates of the instruments sued on might not correspond with the allega-tions of the amended complaint."

Just how this can be, we must confess our inability to comprehend, in view of the fact that the instruments sued on are set forth *in haec verba* in the complaint as amended.

What we have said disposes of the ninth, tenth, eleventh and twelfth pleas. The seventh plea set up a discharge and payment of the notes sued on. The facts alleged in this plea are, that the plaintiff agreed with a certain railroad company to permit a railroad to be built across the lot, the purchase price for which the notes sued upon were given. That the defendant objected to the building of a railroad across said land, but the plaintiff agreed with the defendant that the damage occasioned him thereby should be taken and deducted from the instruments sued on. That the damage done him thereby was, to-wit, "the full amount due on the said instruments, for the said railroad thereupon built the said line of railroad track over and across the said land to the damage thereof, to-wit, the full amounts due on the said instruments sued on." A majority of the court are of the opinion that the plea is not subject to the demurrer interposed to it, and that it presents a

good defense to the action. Justice SHARPE and the writer are of the opinion that the plea is bad for a failure to show a consideration to support the agreement to discharge the notes.—*Mead v. Hughes*, 15 Ala. 141; *Phillips v. Scoggins*, 1 Stew. & Port. 28; *Holman v. Bank of Norfolk*, 12 Ala. 413; 4 Ency. Pl. & Pr., 928.

It is sufficient to say of the eighth plea as originally filed, that it shows no more than a trespass by a railroad company, at the request and invitation of the plaintiff, upon the land of the defendant, for the purchase of which he gave the notes sued on. It is not averred that the plaintiff made any conveyance of any right, title or interest in or to the land which the company took possession of. There was, therefore, no breach of the bond for title made by the plaintiff to the defendant by which the plaintiff obligated itself to convey to the defendant the land sold him upon the payment by him to it of these notes. Nor is there any averment in the plea that the railroad company paid to plaintiff any consideration for its right of way over and across the land. So, then, the company, under the averments of the plea, has derived no title or interest in the lot, and the principle announced in the case of *Hawkins v. Merritt*, 109 Ala. 261, upon which the appellant relies to support the sufficiency of the plea, has no application.

The plea does not seek to recoup or set off the damages growing out of the alleged trespass, but if it had done so, it would have availed the defendant nothing.—*Rosser v. Bunn & Timberlake*, 66 Ala. 89.

The plea, as amended, and the fourth plea, as amended, show a dedication of the street fronting the lands of the defendant, by the plaintiff to the public. According to the averments of these pleas, the dedication is irrevocable, and the right to interfere with the use of it by the public is beyond the authority of the plaintiff or the railroad company. Code, § 3899 *et seq.* The attempt of the plaintiff to sell and convey to the railroad company the right and privilege of locating, building and operating a railroad along and over the street was a nullity, and, therefore, was no conveyance of any

interest in the street which impaired the plaintiff's right to grant and convey to the defendant a fee simple title to the land abutting on the street.—*City of Demopolis v. Webb*, 87 Ala. 659.

The judgment of the court below is reversed, and the cause remanded.