# McCreary *v.* Brown.

## *Assumpsit.*

### (Decided June 2, 1909. 50 South. 402.)

1. *Exceptions; Bill of; Presentation; Time.*—Where the trial court rendered a final judgment and also overruled defendant's motion to vacate the judgment and dismiss the cause on March 25, 1907, and afterwards on Sept. 23, 1907, denied defendant's motion to retax the cost, and granted him thirty days within which to present his bill of exception, a paper in the record dated October 1, 1907, and purporting to be a bill of exception, cannot be considered for any purpose except that of reviewing the ruling on motion to retax the cost.

2. *Appeal and Error; Assignment of Error; Waiver.*—Where an assignment of error is not insisted on by counsel in brief or argument, the error is waived.

3. *Assumpsit; Pleading; Complaint.*—A common count for work and labor which fails to aver that the work and labor was done at the defendant's request is demurrable.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Assumpsit by S. J. Brown against John D. McCreary. Judgment for plaintiff and defendant appeals. Reversed and remanded.

WHATLEY & CORNELIUS, for appellant. No brief came to the Reporter.

ROWLAND & ALLEN, for appellee. No brief came to the Reporter.

TYSON, C. J.—On the 25th day of March, 1907, the trial court rendered the final judgment for the plaintiff, and also overruled the defendant's motion to vacate that judgment and dismiss the cause. Subsequently, on the 3d day of September following, the motion of defendant to retax the costs was denied, and he was allowed 30 days within which to prepare and present his

[McCreary v. Brown.]

bill of exceptions. The paper in the record purporting to be a bill of exceptions is dated October 1, 1907. It is apparent from this statement that it can be considered only for the purpose of reviewing the ruling upon the motion to retax the costs. While this ruling is assigned as error, that assignment is not insisted on in brief of appellant's counsel, and therefore must be treated as waived. While, perhaps, the ruling of the court in allowing the plaintiff to amend her complaint—by substituting for same (which contained nothing more than the common counts) a new complaint, containing the common counts, differing from the original only in respect to the amount claimed and the dates when due— may not technically be presented for review, yet the writer feels no hesitancy in expressing the opinion that the amendment was allowable. The amendment clearly introduced no new cause of action, and therefore was not a departure. It amounted to no more than a simple correction of the averments.—*Chambers v. Talladega R. E. & L. Ass'n,* 126 Ala. 296, 28 South. 636; *Karter v. Fields,* 140 Ala. 363, 37 South. 204; 4 Cyc. 346. The Justices sitting hold the view that the question of the allowance of the amendment is not presented, and therefore express no opinion on the point.

The third count of the substituted complaint, which is a common count for work and labor done, fails to aver that the work and labor was done at the request of defendant. This defect was specifically pointed out by the demurrer interposed to the count. The demurrer should have been sustained (Form 10, in Code, p. 944; 2 Ency. Pl. & Pr. 1004), non constat the work and labor was performed gratuitously, or the defendant neither accepted nor received the benefit of such labor. For the error pointed out the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.