# Lansford v. Scott.

*Action on Promissory Note, and on Common Counts.*

*Statute of limitations to amended complaint.* — The statute of limitations of three years is pleadable in bar to the common counts, when introduced by amendment into a complaint on a promissory note given for the same cause of action, the limitation having expired after the commencement of the suit, but before the amendment was made.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JAMES S. CLARK.

This action was brought by John Scott against John P. Lansford, and was commenced on the 9th July, 1869. The original complaint contained only a count on a promissory note for $200, dated the 22d November, 1865. At the October term, 1873, by leave of the court, the plaintiff amended his complaint, by adding the common counts for goods sold and delivered, money had and received, and on an account stated. To the common counts the defendant pleaded, "in short by consent," the statutes of limitation of three and six years, and several special pleas to the count on the note ; and he also pleaded the general issue, with leave to give in evidence any

[Lansford v. Scott.]

matter that might be specially pleaded; and issue was joined on all these pleas. The defendant requested the court to charge the jury, that, as to the common counts, the statute of limitations would run up to the filing of the amended complaint. The court refused to give this charge, and instructed the jury instead, that the amendment related back to the commencement of the suit; and that the statute of limitations was no defence, unless it had effected a bar at the commencement of the suit. The defendant excepted to the charge given by the court, and to the refusal of the charge asked; and he now assigns them as error.

E. A. O'NEAL, with WM. COOPER, for appellant.

R. O. PICKETT, contra.

B. F. SAFFOLD, J. — The question at issue is, whether the statute of limitation of three years is pleadable in bar, to the common counts, introduced by amendment into the complaint founded upon a promissory note given for the same cause of action, the limitation having expired since the commencement of the suit on the note, but before the amendment was made. Does such an amendment relate back to the date of the summons?

In *Bradford* v. *Edwards* (32 Ala. 628), which was a suit for slander, the record did not show what parts of the complaint were amended, nor when the amendment was filed or allowed. The court said, the amendment did not bring forward a distinct and independent cause of action, but only varied the words expressive of the same charge. In *Agee* v. *Williams* (30 Ala. 636), which was detinue for slaves, the amendment of the complaint declared the right of the plaintiff to be in his representative, instead of his individual capacity. The court said, the amendment was not the beginning of a new suit, but the correction of a fault in the pending suit. The defence attempted to be set up in that case was adverse possession of six years. In the other, it was the limitation of one year since the words were spoken. They would have applied to the dates of the respective amendments. But the court held, that such amendments would relate back to the commencement of the suit.

In *King & Wife* v. *Avery* (37 Ala. 169), the court said: " We think the rule must be regarded as settled by the authorities, that if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute until the time that the new claim is

presented; because, until that time, there was no *lis pendens* as to that matter, between the parties. On the contrary, if the amendment set up no new *matter* or *claim*, but simply vary the allegations as to a subject already in issue, then the statute will run only to the filing of the original bill." In this case, the statute of limitations was held to be a bar to relief sought, in the enforcement of the husband's marital rights, by amendment of the bill, originally filed in the name of his wife as a *femme sole*, although the bar was not complete at the time of filing the original bill.

An action on an open account must be brought within three years from the time it is due. R. C. § 2904. One founded on a promissory note may be brought within six years. R. C. § 2901. If a complaint on a note may be amended by the introduction of a count on the account for which the note was given, with the effect of the relation of the amendment back to the date of the summons, the limitation of three years may always be avoided, by declaring on a note, and then amending with the common count. The giving of a note, without more, is not a satisfaction of a preëxisting debt. But it has the effect to suspend the creditor's remedy upon it until the maturity of the note. Brick. Dig. p. 287, §§ 501, 502. It follows from these propositions, that the amendment made in this case did bring forward a distinct and independent cause of action. The charge given was erroneous, and so was the refusal to give the one asked by the defendant.

The judgment is reversed, and the cause remanded.