# Mohr *v.* Lemle.

*Action for Libel.*

1. *Libel; in action for, allegations and proof must correspond.*—The general rule, that the allegations and proof must correspond, applies to actions for slander, verbal or written; and the words proved must correspond substantially with the words alleged.

2. *Amendment; when new and distinct libel can be introduced by.*— Where, in an action for libel, the libel set out and declared on, in the original complaint, relates only to the *solvency* of the plaintiff, and in that respect only touches his character as a merchant, an amendment may be allowed under the statute, introducing another and distinct libel, written and published at a different time from the one described and declared on in the original complaint, and touching the *integrity and the personal conduct* of the plaintiff, without assailing or questioning his solvency. By such amendment the form of action is not changed, and a cause of action *entirely new* is not introduced.

3. *Statute of limitations; its operation touching amendments.*—While new matter, forming an independent cause of action, which was not before the subject of pending suit, and of contestation between the parties, may be introduced by an amendment; yet, such amendment can not have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced for the cause of action thereby introduced, at the time of making the amendment. If at the time of the introduction of such new matter, the statute has operated a bar to it, the defendant may insist upon the benefit of the statute, and to him it is as available, as if the amendment were a new and independent suit.

4. *The doctrine of relation; its purpose and operation.*—The whole doctrine of relation rests in a fiction of law, which was adopted to subserve, and not to defeat right and justice.

APPEAL from Montgomery Circuit Court.

Tried before HON. JAMES Q. SMITH.

This was an action for libel brought by Alex. Mohr, the appellant, who is described in the summons and the complaint as "doing business under the firm name and style of Alex. Mohr, Agent," against Leopold Lemle, the appellee; and was commenced on the 22d April, 1878. The libel declared on in the complaint as originally filed, which contained only one count, is thus averred therein: "And the said defendant . . . . to-wit: on 20th day of March, 1878, aforesaid, did compose, write and publish, in a certain letter addressed to James Tucker & Co., of and concerning him in his said trade and business, a certain false, scandalous, malicious and defamatory libel, in which said libel is contained, amongst other things, the false and libelous matter in substance following of

VOL. LXIX.

and concerning plaintiff, and of and concerning him in his said trade and business, that is to say: You (meaning the said James Tucker & Co.) will lose your debt. Alex. Mohr (meaning the plaintiff) is unable to pay it. He (meaning the plaintiff) owes more than he is worth. He (meaning the plaintiff) is not to be trusted. He (meaning the plaintiff) will break shortly." On the 15th December, 1879, the complaint was amended, by adding a new count declaring on a different and distinct libel, which is averred therein as follows: "And the said defendant . . . . to-wit: on the 13th day of March, 1878, aforesaid, did compose, write and publish in a certain letter addressed to James Tucker & Co., of and concerning the said plaintiff, and of and concerning him in his said trade and business, a certain false, scandalous, malicious and defamatory libel, in which said libel is contained, amongst other things, the false and libelous matter following of and concerning him in his said trade and business, that is to say: I (meaning the said L. Lemle) refer you (meaning the said James Tucker & Co.) to a letter of recommendation August last [by me] of A. Mohr(meaning plaintiff) of this city as being worthy of credit. I (meaning the said L. Lemle) consider it now my duty to warn you (meaing the said James Tucker & Co.) against him (meaning the said plaintiff), and to be on your (meaning the said James Tucker & Co.) guard. Past actions of his (meaning the said plaintiff) proved to be dishonest, and he (meaning the plaintiff) is therefore, in my (meaning the said L. Lemle) opinion, not entitled to credit."

The defendant pleaded not guility, and also as to the count introduced by the amendment, the statute of limitations of one year. To this plea, the plaintiff replied, that the cause of action set forth in said count was the same cause of action mentioned and set forth in the original complaint, before the amendment was allowed; and on this replication the defendant took issue. The trial was had on the issues thus made up, and the evidence introduced thereon showed that the plaintiff was a member of a partnership which failed and ceased to do business in 1874, or prior thereto, and that the only business he had carried on since that time was as agent for his wife, who was a free-dealer, and the business was conducted for her account; that on the 13th March, 1878, the defendant wrote a letter to James Tucker & Co., merchants in New York, containing the matter described in the count introduced by the amendment and therein averred to be libelous; but there was no evidence introduced on the trial sustaining the averments as to the matters complained of, as libelous, in the complaint as originally filed.

The Circuit Court charged the jury, on the written request

of the defendant, that if they believed all the evidence, they must find for the defendant, and the plaintiff excepted. The plaintiff reserved other exceptions on the trial, which need not be set out in this report. There was a judgment, rendered on verdict for defendant, and from this judgment the plaintiff appealed, and here assigns as error, in addition to other assignments, the ruling of the lower court above noted.

ALEX. TROY, and TROY & TOMPKINS, for appellant.

RICE & WILEY, and DAVID CLOPTON, contra.

BRICKELL, C. J.—The general rule, that the allegations and proof must correspond, is applied to actions for slander, verbal or written. The words proved must correspond substantially with the words alleged. The complaint, or declaration, can not be supported by proof of words differing from the words alleged, though of equivalent import.—2 Brick. Dig. 208, § 93. It has not been insisted that the libel given in evidence would have been admissible under the original complaint. The libel therein described was, according to the averments, written and published at a different time from that given in evidence, and related only to the solvency of the plaintiff. In that respect only did it *touch* the plaintiff in his character as merchant.

The amended complaint, by proper averments, introduces the libel given in evidence, purporting to have been written and publish at a different time from the writing and publication of the libel described in the original complaint; and the matter of it concerns and *touches the integrity and the conduct of the plaintiff*, without assailing or questioning his solvency. In the leading case of *Grimm v. Crawford* (29 Ala. 626), construing the present statute of amendments, it was said: " Under these statutes, we think there is no limit to the power of amending the allegations of a complaint, except that a party should not be allowed to depart in the complaint entirely from the process, or to substitute an entirely new cause of action, or to make an entire change of parties. Either of these things would be tantamount to the institution of a new suit, and would not be an amendment of the old cause of action." This construction of the statute has since been observed; and following it, the amended complaint, though introducing a libel differing in substance, not of equivalent import or meaning with that averred in the original complaint, was properly allowed. The form of action is not changed, a cause of action *entirely new* is not introduced. A libel of the plaintiff, in his trade and business as a merchant, written and published before the

[Mohr v. Lemle.]

commencement of suit, addressed to the same parties, is the cause of action averred in both complaints. The substance of the allegations is, however, changed; new matter is introduced, forming a new and independent cause of action, which was not before the subject of pending suit, and of contestation between the parties. The allegations of the complaint are not simply varied to meet the phases in which the evidence may present the matter already in issue, so that there will be a correspondence between allegations and proof; but a libel, essentially distinct and different, in all its parts and tendencies, from that described in the original complaint, is, for the first time, introduced by the amended complaint. While the cause of action remains a libel, written and published of and concerning the plaintiff, *touching* his character and credit as a merchant, there is a total departure from the subject of the libel as averred in the original complaint.

The latitude of amendment allowed the plaintiff, can not be permitted to work injustice to the defendant, or to deprive him of any just and rightful defense. The plaintiff may introduce a new cause of action by amendment; but such amendment can not have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced for that cause of action, at the time of making the amendment. The whole doctrine of relation rests in a fiction of law, adopted to subserve, and not to defeat right and justice. When the amendment introduces a new right, or new matter, not within the *lis pendens*, and the issue between the parties; if at the time of its introduction, as to such new right or matter, the statute of limitations has operated a bar, the defendant may insist upon the benefit of the statute, and to him it is as available, as if the amendment were a new and independent suit.—*King v. Avery*, 37 Ala. 169; *Lansford v. Scott*, 51 Ala. 557; *Stringer v. Waters*, 63. Ala. 361.

In *Weston v. Worden*, 19 Wend. 648, the plaintiff declared in *slander* for words charging him with malpractice as a physician, and was permitted to amend by adding words of the same character. But not by adding words charging him with being a *quack*, or practicing without license. These latter words were regarded as a new cause of action, as to which the statute of limitations had probably run. The same question was decided in *Smith v. Smith*, 45 Penn. St. 403, the plaintiff proposing to amend by adding a new count, alleging a. different slander, after the right of action was barred by the statute of limitations.

The charge given by the Circuit Court seems to us therefore free from error: First, because there was an entire absence.

of evidence that the plaintiff was a merchant, and that defend-
ant had written or published any such libel as was described in
the original complaint. Second, because the libel proved was
admissible only under the amended complaint, touched and con-
cerned the plaintiff, as an individual, and not as a merchant,
there being no evidence that that was his occupation, was entirely
variant from that described in the original complaint; and an
action to recover damages for its publication was barred by the
statute of limitations before it was introduced by the amend-
ment.

The remaing assignments of error were not insisted on in
the argument of counsel, and of consequence have not been
considered.

Affirmed.