# Calderwood *v.* North Birmingham Street Railway Co.

*Action for Damages by Passenger, for Personal Injuries.*

1. *Carriers; injury to passenger in attempting to alight from car while in motion.*— In an action by a female passenger against a street railroad company for personal injuries, the plaintiff is not entitled to recover, where the injuries were received in consequence of her attempting to get off a car while it was in motion, in violation of the rules of the company, and without any of its employes having done or said anything to cause her to take the step.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

As stated in the report of the decision of this case on a former appeal, "this action was brought by Mrs. Martha M. Calderwood, against the appellant [the appellee now], a domestic corporation, to recover damages for personal injuries sustained by plaintiff in attempting to alight from one of the defendant's cars, at the intersection of First Avenue and Twentieth street in the city of Birmingham."—89 Ala. 247. On the last trial, as shown by the bill of exceptions in the present record, the plaintiff testified: "I was about midway of the car when I arose to get off. I don't know how fast it was moving when I stepped-off, but fast enough to throw me." On this trial, the defendant again proved the city ordinance, the rules of the company, and the notice

[Calderwood v. North Birmingham Street Railway Co.]

to passengers, as set out in the former report, above referred to. The plaintiff excepted to the giving of the following written charge, requested by the defendant: "If the jury believe the evidence, they must find for the defendant." Judgment was rendered on a verdict for the defendant, and the plaintiff appeals.

A. Y. HARPER, R. G. COBB, and CABANISS & WEAKLEY, for appellant.

GARRETT & UNDERWOOD, contra.

STONE, C. J.—Pending the trial, and after all the testimony was in, plaintiff was permitted to add a new count to her complaint, against the objection of defendant. To the new count thus added defendant pleaded the statute of limitations. The record does not show what issue, if any, was taken on this plea, and no ruling upon it is presented for revision by us. We will therefore give it no consideration, further than to remark there was probably no merit in the plea of the statute of limitations.—*Crim v. Crawford*, 29 Ala. 626; *Mohr v. Lemle*, 69 Ala. 180. We decide nothing, however, in reference to the statute of limitations, as it is not shown to have cut any figure in the trial court.

Mrs. Calderwood suffered the injury she complained of at a street crossing. The testimony of herself and her sister states the circumstances of the occurrence more favorably to her than that of any other witness. Giving the largest interpretation to their testimony, it falls short of showing any right of action in her. She attempted to get off the car while it was in motion, and while it was crossing another public street. She was in the actual violation of all the rules of the company, and there is not a semblance of proof that any of the employees of the Dummy Line did or said any thing to cause her to take the rash step which led to her injury. She must be held to have been the sole author of her own injury, and must bear the consequences. The City Court did not err in the charge given.—*North Birmingham Street Railway Co. v. Calderwood*, 89 Ala. 247.

Affirmed.