# Louisville & Nashville Railroad Co. v. Woods.

*Action by Employé against Railroad Company to recover Damages for Personal Injuries.*

1. *Pleading and practice; when complaint is amended the pleas and demurrers should be refiled.*—When, after the interposition of demurrers or pleas to a complaint, the complaint is amended by adding additional counts, or otherwise, in order for such demurrers or pleas to the original complaint to be considered and passed on as directed against the complaint as amended, they should be refiled.

2. *Same; when motion to strike should be interposed instead of a demurrer.*—When in a suit for damages the plaintiff avers in his complaint, as elements of damages, facts which can not be considered in the estimation of damages in such case, the defect should be taken advantage of by a motion to strike out such averments, and not by a demurrer to the complaint.

3. *Same; amendment of complaint; statute of limitation.*—Where the original complaint in a suit is filed in time to prevent a bar by the statute of limitations, and the complaint is amended by adding another count after the expiration of the time prescribed by the statute within which such action can be brought, the amended complaint is not barred by the statute of limitations if the matters alleged therein are within the *lis pendens* of the original complaint, but the amendment relates back to the date of filing of the original complaint.

4. *Action against railroad company; when amendment no departure from cause of action averred in original complaint.*—Where in an action against a railroad company to recover damages for personal injuries the original complaint averred that the plaintiff was injured while in the discharge of his duties as brakeman in defendant's employment, and that said injury was caused by "the negligence of the defendant's agents, servants or employés, who were fellow-servants upon said train with plaintiff, in failing to check the motion of said train to a speed of safety," there is not shown a liability of the defendant, either at common law or under the employer's liability act (Code, §

36

[Louisville & Nashville Railroad Co. v. Woods.]

2590); but an amendment to such complaint, wherein, after the averment of the same facts as to plaintiff's employment, the injury is averred to have been "caused by reason of the negligence of the engineer employed by the defendant, and who had charge and control of the engine moving the train," in carelessly permitting said train to attain a dangerous rate of speed, states a cause of action within subdivision 5 of section 2590 of the Code, and this amendment is not such a departure from the cause of action averred in the original complaint as to warrant its being stricken from the file; and introducing no new right or matter, since all the facts averred as pertaining to the cause of the injury are within the *lis pendens* of the original complaint, it is not barred by the statute of limitations, but relates back to the date of the filing of the original complaint.

5. *Same; evidence as to rate of speed.*—Where in an action against a railroad company to recover damages for personal injury, the excessive rate of speed of a train on defendant's road is alleged to have been the proximate cause of plaintiff's injury, which occurred on a heavy down grade, testimony as to the rate of speed the train was moving, at a place where the grade began, a mile and a half away from the place on defendant's road at which the injury was inflicted, is admissible in evidence.

6. *Same; evidence as to plaintiff's expectancy of life inadmissible.*—In an action against a railroad company to recover damages for personal injuries, evidence as to the length of the life expectancy of a person at the age of the plaintiff at the time he was injured is irrelevant to any issue involved in the case, and should be excluded.

7. *Contributory negligence; disobedience of orders by brakeman —* Where a brakeman is directed by one in charge of the train to remain at a certain brake, but in disobedience of such instructions he attempts, while the train is in motion, to pass over a car to another brake, he assumes the risk of the venture, and if injured in consequence of such disobedience, he is guilty of contributory negligence, which precludes his recovery of damages for the injury.

8. *Same; whether a certain rate of speed is negligent is a question of fact for the jury.*—In an action against a railroad company to recover damages for personal injuries alleged to have been inflicted as the result of the excessive rate of speed of the train on which the plaintiff was a brakeman, whether a certain rate of speed the evidence tended to show the train was going at the time of the accident was negligence on the part of the defendant, is not a question of law to be decided by the court, but is a question of fact to be determined by the jury under all the facts and circumstances as shown by the evidence; and a charge which seeks to withdraw the determination of this question from the jury is properly refused.

9. *Charge of court to jury; erroneous when assuming as proven a disputed fact.*—An instruction to the jury which assumes as proven a fact, as to which the testimony is in conflict, invades the province of the jury, and should not be given.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, Cicero Woods, against the Louisville & Nashville Railroad Company on March 25, 1893, to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant and its employés. The complaint as originally filed contained but one count, in which, after averring that the plaintiff was a brakeman on a freight train being run by the defendant over its road, and while in the discharge of his duties as such brakeman, he was thrown from one of the cars to the ground, and suffered great bodily injury, alleges that the injury was suffered "on account of the negligence of the defendant's agents, servants or employés, who were fellow-servants upon said train with the plaintiff, in failing to put on the brakes upon the cars of said train, and checking the motion of said train to a speed of a safety, while said train was running over a reverse curve on said road, at a great rate of speed, said train was jerked by the rapid movements of the engine attached to said train, which caused plaintiff to be thrown off said train." The plaintiff also averred in this count that he was confined to his bed for a great length of time, and suffered great anguish of body and mind.

To the original complaint, the defendant filed on May 13, 1893, a demurrer, and assigned as ground thereof, that the complaint shows upon its face that there was no liability on the defendant for the injury alleged, in that it was assigned to the negligence of the fellow-servants of the plaintiff. On June 22, 1893, the plaintiff amended his complaint by adding a second count thereto, in which he averred that the injury complained of "was caused by reason of the negligence of the engineer employed by the defendant, and who had charge and control of the engine moving the train, which said negligence consisted in this : that said engineer negligently and carelessly permitted said train to attain a great rate of speed in descending the grade hereinbefore referred to, whereby said train and the car upon which the plaintiff was going to set up a brake, was jerked along said reverse curve so violently and rapidly as to throw the plaintiff from said train." The plaintiff also averred in this second count, that by reason of the injury suffered, he

was confined to his bed for a great length of time, and suffered great pain in body and mind. On November 9, 1893, the defendant moved the court to strike from the files the second count of the complaint, which was filed on June 22, 1893, on the ground that it was a departure from the cause of action as contained in the original complaint. On November 17, 1893, the defendant demurred to the amended complaint, and assigned as grounds therefor: 1st. That it is not alleged in said complaint the rate of speed at which said train was descending the grade. 2d. It is not alleged that the rate of speed at which said train was descending the grade was a negligent rate of speed. 3d. Because the anguish of mind is not an element of damages in this cause. On the same day, November 9, 1893, the defendant "for answer to the amended complaint in this cause, filed June 22, 1893, says: 1st. That it is not guilty of the matters and things therein alleged. 2d. That the plaintiff was himself guilty of negligence which produced the injuries complained of. 3d. The matters and things complained of in said amended complaint are barred by the statute of limitations of one year." On November 18, 1893, the plaintiff amended his complaint by adding a third count thereto, in which he alleged that while a brakeman on one of defendant's freight trains, and while the said train was going down a steep grade, at a high rate of speed, "which the engineer in charge of the train, and an employé of the defendant, negligently allowed said train to assume, the plaintiff was, by a sudden jerk and lurch of said train, caused by the negligence of the engineer, hurled violently from the rapidly moving train, and thrown against the ground with great force," whereby the injuries complained of were inflicted. The judgment entry showing the rulings of the court upon the pleadings, is copied in the opinion.

The plaintiff as a witness in his own behalf testified, that while he was in the employ of the defendant as a brakeman, he went on one of its freight trains, and while said train was going between Cullman and Decatur, just after it passed Holmes' Gap it began to descend a very heavy grade; that the speed attained by the train down this grade was 45 miles an hour, and that while going down the grade, just as the train was on a reverse curve, there was a sudden jerk which threw him from the train,

and caused the injuries complained of. He further testifies that he was thrown from the train just as he was going across a coal car loaded with coal to set up a brake. The plaintiff was thrown from the train about a mile and one-quarter, or a mile and one-half from Holmes' Gap. While examined as a witness, the plaintiff was asked this question: "What was the rate of speed at the time you left Holmes' Gap, starting down the mountain?" The defendant objected to this question, because it was immaterial, and Holmes' Gap was not the place where the accident happened. The court overruled the objection, and the defendant excepted. Upon the witness answering, "I suppose it was running 20 miles an hour," the defendant moved the court to exclude this statement from the jury, and duly excepted to the court overruling its motion.

Upon the introduction of one H. B. Scott, as witness for the plaintiff, he testified that he was a life insurance agent, and had had a great deal of experience in life insurance business, and was well acquainted with the standard mortuary tables in use by first class life insurance companies. This witness further testified that "the life expectancy of a man 21 years of age, [the age of the plaintiff at the time he was injured] in good health, is 41½ years." The defendant objected to this testimony, on the ground that it was irrelevant, and upon the court overruling the objection, it duly excepted thereto.

The testimony for the defendant, which was given by the engineer, fireman and conductor, who were on the train from which the plaintiff was thrown, tended to show that at the time the plaintiff was thrown from the train, the train was not going at a greater rate of speed than 20 miles an hour; that it was down grade, and it was running of its own momentum (the engineer testifying that he had his engine under perfect control); that the train did not give a jerk, sudden or otherwise, as it went down the grade from Holmes' Gap. The conductor and engineer both testified that they instructed the plaintiff not to cross over the cars for the purpose of setting up the brakes, but to remain upon the cars next to the engine, where the brakes of two cars faced each other, and that there was no necessity for the defendant to have crossed over the loaded coal car, from which he was thrown. The train was composed of thirteen cars, some of them loaded, and others not loaded.

The court at the request of the plaintiff, gave the following written charges to the jury : (1.) "If the fall of the plaintiff from the car was accidental and the accident was caused by the negligence of the engineer in allowing the train to attain a dangerous rate of speed, and by causing the train to give a sudden jerk or lurch by which the plaintiff was hurled from the train and hurt, without negligence on his part, defendant is liable." (2.) "If you believe that the train gave a jerk or a lurch, and this was caused by the engineer negligently permitting the train to run at a dangerous speed, and that by said jerk or lurch the plaintiff was thrown off and injured without negligence on his part, contributing to his injury, you must find for the plaintiff." (3.) "If the jerk or lurch complained of was caused by a dangerous speed acquired by the train, and if this dangerous speed, if any there was, came about through the negligence of the engineer in control of the engine, and further, that if from such jerk or lurch the plaintiff was hurt without negligence on his part, your verdict should be for the plaintiff." The defendant separately excepted to the court giving each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it : (1.) "If the jury believes the evidence, they will find for the defendant." (2.) "I charge you as a matter of law, that it was not negligence on the part of the engineer of said train to run said train down said mountain at a speed of twenty miles an hour. If you believe from the evidence that such was the speed of said train, and if you further believe that by such speed said injury was produced, the defendant is not liable therefor." (3.) "I charge you, gentlemen of the jury, that it would not be negligence in itself for an engineer in charge of a train of cars consisting of an engine, tender and thirteen cars, partly loaded and partly empty, to attain a rate of speed of forty-five miles an hour going down grade." (4.) "I charge you, gentlemen of the jury, that it is not negligence in the defendant to run a freight train composed of an engine, tender and thirteen cars, partly loaded and partly empty, to run at a rate of speed down grade between Holmes' Gap and Wilhites of forty-five miles an hour." (5.) "I charge you, gentlemen of the jury, that it is not negligence in itself for a freight train composed of thirteen

cars, partly loaded and partly empty to run down grade at the rate of speed of forty-five miles an hour." (6.) "If you believe from the evidence that it was dangerous for the plaintiff to walk across a load of coal in the discharge of his duties, this is a danger that was apparent to him in the discharge of his duties, and with reference to which the law presumes he contracted when he undertook to perform the duties of a brakeman." (7.) "I charge you, that under the evidence in this case plaintiff knew of the condition of the track at the place at which the injury is alleged to have occurred. If, therefore, by the exercise of ordinary care, caution and prudence on his part, the injury could have been averted, and such care, caution and prudence was not exercised by him, then he is guilty of negligence which proximately contributed to the injury for which he sues, and he is not entitled to recover in this action, and your verdict should be for the defendant."

There was judgment for the plaintiff, assessing his damages at $500. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

HARRIS & EYSTER, for appellant.

D. W. SPEAKE, contra.

COLEMAN, J.—The appellee, Woods, instituted the present action in case to recover damages for personal injuries alleged to have been sustained on the 29th of March, 1892. The complaint was filed March 25th, 1893, and as originally framed contained but one count. To this defendant filed a demurrer on May 23d, 1893. On June 22d, 1893, the plaintiff amended his complaint. The defendant filed a motion to strike the complaint as amended from the file, on the ground that the cause of action averred in the amended complaint was a departure from that laid in the original complaint. This motion was filed November 9th, 1893. On November 17th, the defendant demurred to the complaint, and on the same day filed three pleas: 1st, general issue; 2d, contributory negligence; 3d, the statute of limitations of one year to the matters set up in the amended complaint. On November 18th, the plaintiff further amended his complaint, by adding a third count.

When a demurrer or pleas are filed to a complaint, and the record shows a subsequent amendment of the complaint, by adding additional counts or otherwise, the party desiring the benefit of the demurrer or pleas which were filed previous to the amendment, against the complaint as amended, should refile them. However many grounds or causes of demurrer there may be, if by a judgment of the court one ground is held good, the demurrer is sustained. Before the demurrant can be called on to answer further, the record should show some responsive action on the part of his adversary, to the judgment sustaining the demurrer. The judgment entry is as follows: "Thereupon the defendant files a motion and moves the court to strike the amended complaint from the file which motion by the court is overruled. Thereupon the defendant demurs to the complaint as amended, and on consideration by the court, the same is overruled and disallowed as to the first and second grounds, and sustained as to the third ground; and issue being joined, thereupon came a jury of good and lawful men," &c. We presume from the judgment upon the demurrer, that the court regarded the demurrer and pleas refiled after the amendment was made by adding the third count. It states that the third ground of demurrer was sustained. The defect against which this ground of demurrer was directed, should have been reached by a motion to strike it out of the complaint. We are of opinion that the court intended by its ruling, to declare, that the matter stated in the complaint, to which objection was raised by the third ground, could not be considered as a basis for damages, and no more, and considered it stricken out by sustaining the demurrer to it, as the case proceeded upon issue joined without further amendment.

The original complaint averred, that plaintiff was employed as a brakeman, and while in the discharge of his duty was injured, and that the injury was caused by the negligence of the defendant's agents, servants or employés, who were fellow servants upon said train in failing to apply the brakes upon the cars and check the motion of said train to a speed of safety, &c. The original complaint was filed in time to prevent a bar by the statute of limitations. The complaint as first amended avers the injury and the same facts as to the employment of plain-

tiff, and avers that the injury arose from the negligence of the engineer who had charge of the engine, in permitting the train to attain a great rate of speed, &c. More than a year had transpired from the time the cause of action arose, before the amendment was made. The motion to strike was based upon an alleged departure. Conceding that the original complaint was defective in the matter pointed out by the demurrer, and the plaintiff, without waiting for the judgment of the court on the demurrer, amended his complaint, so as to meet the defect against which the demurrer was directed, the material questions in this condition of the pleading are, whether the amended complaint was such a departure, as that the motion to strike it from the file should have been granted; and, second, whether the amended complaint introduced a new right or matter, not within the *lis pendens* of the original complaint, as that the statute of limitations of one year could be pleaded in bar to the amended complaint. The original complaint does not show any liability of the defendant either at common law or under the Employer's Liability Act, section 2590 of the Code. It averred that the injury arose "on account of the negligence of the agents, servants or employés, who were fellow servants," but fails to follow this averment with the necessary allegation, to show the liability of the defendant for such negligence under section 2590 of the Code, *supra*. At common law the defendant was not liable for injuries resulting from the negligence of fellow servants as averred in the complaint.—*Smoot v. M. & M. Railway Co.*, 67 Ala. 13; *C. & W. Railway Co. v. Bradford*, 86 Ala. 579; *Ga. Pacific Railway Co. v. Davis*, 92 Ala. 313; *A. G. S. R. R. Co. v. Carroll*, 97 Ala. 126.

To recover under the statute, the averments must conform to its provisions. The amended complaint averred that the injury was caused by the negligence of the engineer who had charge or control of the engine, and by this amendment the action was brought within the provision of subdivision 5 of section 2590 of the Code. In both the original and amended complaint, it is averred that owing to the down grade and curves of the track at the place, the great speed of the train was the proximate cause that caused the plaintiff to fall. In the original complaint it is averred that this speed was attained on account of the negligence of the agents, servants, and

employés of the defendant. In the amended complaint it is averred, that the speed which caused him to fall by which he was injured, was attained on account of the negligence of the engineer who had charge or control of the engine. The speed of the train complained of, and which it is averred in both counts caused the injury occurred at the same time and place. We do not think the court erred in refusing to strike the amended complaint from the file, nor do we see there was any new right or matter introduced, which would prevent the amendment from relating back to the date of the filing of the complaint. The speed of the train, and the condition of the road, the time and place, and the injury were within the *lis pendens* of the original complaint. If the trial had proceeded upon issue joined upon the original complaint, and the evidence had shown, that the speed at which the train ran, on account of the circumstances, was culpable negligence and caused the injury, and that in fact, it was caused by the negligence of the engineer in charge and control of the engine, under our system the plaintiff had the right to amend his complaint to meet this phase of the evidence. The case is distinguishable from *Mohr v. Lemle*, 69 Ala. 180 and authorities cited, and from *A. & A. R. R. Co. v. Ledbetter & Farmer*, 92 Ala. 326.

There was no error in receiving testimony as to the rate of speed of the train at Holmes' Gap, which was not more than a mile and a half from the place of the injury. The jury could very properly consider the rate of speed here, in determining the rate of speed at a place so near.

The court erred in admitting the testimony of the witness Scott of the probable duration of life of plaintiff. We do not see the relevancy of this evidence in any aspect of the case.

The first charge given for plaintiff was confused and contradictory. If the fall of the plaintiff was caused by the negligence of the engineer, as predicated in one part of the charge, it can not be said that it was accidental, as stated in another part.

We find no error in the second instruction given for the plaintiff. The charge was based upon the third count, and this count, we must presume, was tried upon the general issue.

[Swift v. Stovall.]

The third charge given for plaintiff assumes as a fact
proven, that there was a jerk or lurch of the train.  The
testimony was in conflict on this point.  It should have
been left with the jury to say which was true.  The as-
sumption by the court was an invasion of the province
of the jury, and in giving charge three the court erred.

It would not have been proper for the court to have
instructed the jury under the evidence, as matter of law,
that twenty miles, or forty miles, or forty-five miles, per
hour was not negligence.  It was a question of fact
properly left to the jury in view of all the evidence as to
the down grade and reverse curves to determine whether
the rate of speed at the time and place was negligence.
The court did not err in refusing charges which asserted
a contrary rule.

If the duty of a brakeman requires him at any time,
to put on the brakes and if it is necessary to traverse a
car with coal in order to reach the brake, from a point
where the brakeman properly is, we can not say as mat-
ter of law he assumes the risk of a jerk or lurch of the
train caused by the negligence of the engineer, if the
jury so find, while walking across the car.  If, however,
the conductor or engineer directed the brakeman to re-
main at the first and second brakes, as some of the
evidence tends to show, and if of his own accord he left
and attempted to reach a third brake, we would say
under these circumstances he assumed the risk of the
venture, and if the injury was in consequence of such
disobedience of instructions, he would be guilty of con-
tributory negligence.  Charges six and seven for these
reasons were calculated to mislead, and therefore prop-
erly refused.

For the errors pointed out the case must be reversed.
Reversed and remanded.