# Nelson *v.* First National Bank of Montgomery.

## *Action of Assumpsit.*

1. *Amendment of complaint; when doctrine of relation back applies.*—The doctrine of the relation back of an amendment to the commencement of a suit, is a fiction of the law and should never be applied where it will operate to cut off a substantial right or defense to new matter introduced by an amendment, though the same be connected with the original cause of action.

2. *Amendment of complaint; when does not relate back to commencement of suit; statute of limitations.*—If the matter introduced in a complaint by way of an amendment introduces a new claim or a new cause of action requiring a different character of evidence for its support and affording a different defense from that to the cause as originally presented, such amendment will not relate back to the commencement of the suit, so as to prevent the bar of the statute of limitations as to the new matter thus introduced, although the matter introduced be such as might have been joined in a different count in the original complaint.

3. *Same; same; proper criterion.*—To determine whether amendment asserts new matter or claim and relates back to the commencement of the suit, so as to cut off the plea of the statute of limitations, the true criterion is, whether the matter pleaded by amendment amounts to a departure in after pleading as recognized at common law.

4. *Action for money had and received; amendment by adding count for price of goods sold does not relate back to commencement of suit.*—Where an original complaint seeks to recover for money had and received, a subsequent amendment of said complaint by the addition of a count seeking to recover a similar amount as the price of goods or choses in action sold upon an express contract of sale, is a departure, even though both counts relate to the same transaction; and such amendment will not relate back to the commencement of the suit, so as to prevent the running of the statute of limitations to the date of the filing of the amendment.

5. *Same; amendment of complaint by adding count to recover for goods sold and delivered.*—-Where an original complaint seeks to recover for money had and received, a subsequent amendment of said complaint by adding a count seeking to recover the same amount for goods, wares and merchandise sold and delivered, is a departure even though both counts relate to the same transaction; and such amendment will not relate back to the commencement of a suit, so as to prevent the running of the statute of limitations to the date of the filing of the amendment.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellant, Margaret S. Nelson, against the appellee, the First National Bank of Montgomery, and was instituted on March 20, 1896. The complaint as originally filed contained but one count, which was in words and figures as follows: "The plaintiff claims of the defendant the sum of twenty thousand dollars for money of the plaintiff had and received by the defendant, on, viz., the 26th day of June, 1890, for the use and benefit of the plaintiff, with interest from, to-wit, June 26th, 1890."

Subsequently, on December 21, 1896, the plaintiff amended the complaint by adding a second count thereto. The last paragraph of the second count was stricken therefrom. The substance of this count is sufficiently stated in the opinion. Thereafter, on June 9, 1897, the plaintiff amended the complaint by adding a third count thereto, which was in words and figures as follows: "3. And the plaintiff claims of the defendant the further sum of, to-wit, twenty thousand dollars with interest from, to-wit, the 27th June, 1890, for goods, wares and merchandise and chattels sold to the defendant at its request on, to-wit, 27 June, 1890, and plaintiff avers that the cause of action herein is the same as that embraced in the other counts of the complaint."

The defendant pleaded the general issue and several special pleas. The substance of the special pleas, which are reviewed on the present appeal, and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

[Nelson v. First National Bank of Montgomery.]

Upon the introduction of all the evidence, the court at the request of the defendant gave to the jury the following written charge: "If the jury believe the evidence, they must find a verdict for defendant." The plaintiff duly excepted to the giving of this charge.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GUNTER & GUNTER, for appellant.—The two counts of the complaint which were added by amendment related to the same transaction, set up substantially the same cause of action, and, therefore, related back to the filing of the original complaint, and cut off the defense of the statute of limitations.—*Ehrman v. Rosenthal,* 49 Pac. 460; *Bates v. Curtis,* 21 Pick. 248; *Burton v. Wilder,* 108 Ala. 673; *Smith v. Palmer,* 6 Cush. 518. Then, the only question is, whether the second and third counts can be, and are on the evidence, within the *lis pendens* of the first count, for money had and received. In the first place, a complete test of whether or not two causes of action are the same is involved in the question, whether a judgment on one would bar the other. If so, it is because the causes of action are identical.—1 Freeman on Judg., § 252; *Chamberlain v. Gaillard,* 26 Ala. 504; *Gilbreath v. Jones,* 66 Ala. 129; *Stephenson v. Mudgett,* 10 N. H. 338; 34 Am. Dec. 155; *Burnham v. Spooner,* 10 N. H. 165; *Ball v. Claflin,* 5 Pick. 305; *Swan v. NeSmith,* 19 Am. Dec. 282; *Mixer v. Howarth,* 21 Id. 205. And the doctrine of the cases quoted from is fully sustained in *Nelson v. Webb,* 54 Ala. 436.

The third count would be sustained by the proof of the facts set out in the second count, for an express or implied promise to pay the price and passing it to the credit of the plaintiff, certainly would make the case only the better.—*Vincent v. Rogers,* 30 Ala. 475; *Nelson v. Webb,* 54 Ala. 438; *Intendant v. Pippin,* 31 Ala. 551; *Roylston v. Sherran,* 31 Ala. 538, and authorities *supra.*

The right to amend would be comparatively worthless, it is respectfully submitted, if it is held that the common counts and special counts for money due may not be added as covering the same cause of action. A little consideration, we think, will convince the court of its error in reference to the second and third counts. The rule seems to be general that when any special contract is executed on one side, and nothing whatever remains to be done by the other but to pay money absolutely and presently, the common counts for money had and received is sufficient. "When a contract, though special, is executed by one party, and nothing remains to be done but a payment of money, a recovery may be had on the common count."—*Intendant, etc. v. Pippin,* 31 Ala. 551; *Roylston v. Sherran,* 31 Ala. 538; *Vincent v. Rogers,* 30 Ala. 475; *Madison College v. Burke,* 6 Ala. 494; *Mahan v. Smitherman,* 71 Ala. 563; *Kirkpatrick v. Bethamy,* 1 Ala. 201; *Nelson v. Webb,* 54 Ala. 436.

WATTS, TROY & CAFFEY, HORACE STRINGFELLOW and J. M. CHILTON, *contra.*—The first question to be considered is, what class of amendments relate back to the commencement of the suit, so as to cut off the defense of the statute; and the second, do the amended counts filed in this cause come within that class? As amendments are undoubtedly allowed and yet not permitted to relate back so as to cut off the plea of the statute, it necessarily follows that the rule for the allowance of amendments, and the rule for permitting them to relate back, cannot be the same. If they were the same then all amendments which were properly allowed would relate back to the commencement of the suit, and the statute could never be pleaded. It also follows that the rule for the *allowance* of amendments is more liberal than the rule permitting them to relate back where the statute of limitations is pleaded, since amendments are allowed which are not allowed to relate back. Let us, therefore, ascertain the rule for the allowance of amendments, and this ascertained, we know that this cannot also be the rule for permitting them to relate back so as to cut off the plea of the statute. In the case of *Mohr*

*v. Lemle*, 69 Ala. 182, BRICKELL, C. J., in construing the statute of amendments, said: "Under these statutes we think there is no limit to the power of amending the allegations of a complaint except that a party should not be allowed in the complaint to depart entirely from the process, or to substitute an entirely new cause of action, or to make an entire change of parties."

It has been said by our court that "an entirely new cause of action is not introduced by an amendment which counts upon the same transaction as that counted upon in the original count.—*Cen. of Ga. R. R. Co. v. Foshee,* 125 Ala. 199. If the amendment sets up a new claim not within the matter in dispute in the original complaint, the matter already at issue between the parties, then although the new claim arises out of the same transaction, it does not relate back so as to cut off the plea of the statute of limitations.—*A. & A. R. R. Co. v. Farmer,* 92 Ala. 326. It is not, however, sufficient to permit the amendment to relate back, that it should count upon the same transaction. Something more is needed. If the amendment set up a new claim, it can not relate back.—*Mohr v. Lemle,* 69 Ala. 183; *A. G. S. R. R. Co. v. Smith,* 81 Ala. 230.

What is a test to determine whether the amended count sets up a new claim or demand, although allowed as an amendment, because relating to the same transaction? As said by Mr. Justice WHITE: "The legal principles by which the question must be solved are those which belong to the law of departure, since the rules which govern this subject afford the true criterion by which to determine the question whether there is a new cause of action in case of amendment. In many of the States which have adopted the Code System great latitude has been allowed in regard to amendments, but even in those states it is held that the question of what constitutes a departure in amended pleading is nevertheless to be determined by the common law which thus furnishes the test for ascertaining whether a given amendment presents a new cause of action by way of amendments."—*Central of Georgia Railway Co. v. Fo-*

[Nelson v. First National Bank of Montgomery.]

*shee,* 125 Ala. 199; Stephens on Pleading, 410; *McAd-ams v. Gibson,* 5 Ala. 341; *A. & A. R. R. Co. v. Ledbet-ter,* 92 Ala. 326. While the decisions of this State do not state (except inferentially in *C. R. R. Co. v. Foshee*) that the common law rule respecting departure in after pleading is the true criterion to determine whether an amendment asserts new matter or claim, and relates back to the commencement of the suit so as to cut off the plea of the statute of limitations, as stated by the Supreme Court of the United States, *supra;* yet the cases in this State upon the subject may be aligned upon such rule, and the principles stated by the court are practically those of the law of departure in after pleading. The counts which were added by amendment, while relating to the same transaction, introduce a new claim, and, therefore, could not relate back.—*Baker v. Annis-ton St. R. Co.,* 92 Ala. 314; *A. G. S. R. R. Co. v. Smith,* 81 Ala. 230.

To sustain the amendment required a different character of evidence to the counts, calling for different defenses.—*Scarbrough v. Blackmon,* 108 Ala. 656; *Moore v. Johnson,* 108 Ala. 324; 2 Van Fleet Former Adjudication, p. 889; *Bragher v. Scovey,* 21 Ired. 369; *Taylor v. Castle,* 42 Cal. 367; *Derleth v. DeGraf,* 51 N. Y. 369; *Anniston & Atlantic R. R. Co. v. Ledbetter supra; Barker v. Anniston St. Rwy. Co., supra; Ala. Gr. S. R. R. Co. v. Smith, supra.*

There is one test for determining what is "new matter or claim" within the rule under consideration, which seems to be conclusive in itself when applied to the present case. The measure of plaintiff's recovery upon the first count would be the amount of value of what came into defendant's hands as the proceeds of the notes; under the second count, the stipulated or agreed price; and under the third, the value of the notes themselves at the time of sale,—with interest added, of course, in each instance. The rule of damages in actions for money had and received necessarily arises from the nature of the action, founded as it is on the equitable principle which forbids one person from being unjustly enriched at the expense of another.—Keener on Quasi-Contracts,

pp. 19, 139, 161; 2 Amer. & Eng. Encyc. Pr., 1021-2; *M. & M. Ry. v. Felrath,* 67 Ala. 189.

DOWDELL, J.—The suit in this case was begun on the 20th day of March, 1896, with a complaint containing a single count, claiming for money had and received by the defendant on the 26th day of June, 1890, for the use of the plaintiff. On the 21st of December, 1896, the plaintiff, by leave of the court, amended the complaint by filing a second count, claiming the same sum as claimed in the first or original count; and by leave of the court, on June 9th, 1897, she further amended the complaint by filing a third count, in which the same sum is claimed as in the first and second counts, for goods, wares and merchandise sold on June 27th, 1890, and avers that the cause of action thereunder is the same as that embraced in the first and second counts. On motion of defendant, that part of the second count beginning with the words, "And plaintiff avers that in 1892," and going down to the end of the count, was stricken out. As the second count remained after eliminating the part stricken on motion, it reads as follows: "The plaintiff claims of the defendant the further sum of twenty thousand ($20,000) dollars with interest thereon from, to-wit, June 26th, 1890, for this, to-wit, that, theretofore, and then, the plaintiff was a married woman, the wife of one O. O. Nelson, and theretofore was the owner and was possessed, as a separate estate under the laws of Alabama, of a parcel of real estate in the city of Montgomery, known and called 'The Pollard place,' and had sold the same to the Savannah, Americus & Montgomery Railroad Company for thirty thousand dollars, ten thousand dollars of which was paid in cash, and for the remainder she had taken two notes of the purchaser, for $10,000 each, payable at one and two years from date, with interest from date, at the banking house of Moses Bros., Montgomery, Alabama, which said notes were duly secured by mortgage made by the purchaser to the plaintiff on the said real estate so sold, and conveying the same to the plaintiff; that on, to-wit,

the 27th day of June, 1890, she, by written endorsement
on said notes, joined in by her husband, and by written
transfer, also joined in by her husband, and duly wit-
nessed, assigned, transferred and sold to the defendant
the said notes and the said mortgage, and the real es-
tate therein mentioned, for the consideration of, to-wit,
$20,000, and handed the said securities and papers to
her husband for delivery to the said defendant; that the
said O. O. Nelson did so deliver the said notes and se-
curities to the defendant, and were accepted by the said
defendant as upon the said sale of plaintiff to it, whereby
the defendant became liable to pay the plaintiff the con-
sideration for the transfer of said notes and mortgage,
which plaintiff avers was and is, to-wit, the sum of $20,-
000.00, which plaintiff avers it has never paid, and which
is still due and unpaid, with interest thereon from,
to-wit, the 27th of June, 1890. And plaintiff avers that
the cause of action in this count is the same as that sued
upon in the first count, and is only a statement of the
special facts of the case." That part of this count so
stricken on motion contained a narration of a suit in the
chancery court of Montgomery county by the plaintiff
against this defendant, relative to the subject matter em-
braced in the present action, but the matter so stricken
out did not change the nature and character of the
count; that is, the count remained an action for the pur-
chase price of the notes and securities described therein,
and in no wise affects the application of the legal prin-
ciples arising under the several pleas of the defendant
upon which the plaintiff joins issue. To the first count,
among others, the defendant filed pleas of the general
issue and payment; and to the second and third counts,
among other pleas, the defendant pleaded the general
issue, payment and statutes of limitation of three and
six years. No demurrer or special replication was filed
to these pleas of the general issue, payment and stat-
utes of limitation, but issue was joined on each of them.

The cause of action on which the suit is based arose
on the 27th day of June, 1890, and the suit was com-
menced on the 20th day of March, 1896, thus being
within the six years period. It is evident that at the

date of the filing of the second and third counts, respect-ively, to-wit, December 21, 1896, and June 9, 1897, the statutory bar of six years was complete, and furnished a perfect defense to these counts, unless they fall within that class of amendments which relate back to the com-mencement of the suit. The doctrine of the relation back of amendments to the commencement of a suit is a fiction of law, and should never be applied where it would operate to cut off a substantial right or defense to new matter introduced by the amendment though con-nected with the original cause of action. In the case of *People v. Judge of Newaygo Circuit Court*, 27 .Mich. 138, wherein this doctrine was invoked to meet the de-fense of the statute of limitations pleaded to the amend-ed declaration, in an opinion rendered by CHRISTIANCY, C. J., and concurred in by his associates, it is said: "But long before.this amended declaration was filed, or leave to file it applied for, the statute of limitations had taken effect upon and barred the cause of action set forth in it. Had a new suit then commenced for the same cause of action, it is not contended that it could have been maintained; and we see no substantial differ-ence between the commencement of a new suit and the allowance of this amended declaration, under these cir-cumstances, for the same cause of action. It is clean enough that the only purpose and object of allowing the amended declaration, instead of putting the plaintiff to a new action after they had submitted to a non-suit, which non-suit had been set aside, was to prevent the statutory bar of the action. We do not think that the statute can be evaded by any such necromancy, and to permit the shallow fiction of a relation back to the com-mencement of the suit, under such circumstances, to nullify the action of the legislature, would be discred-itable to the judiciary."

Statutes of limitations are statutes of quiet, and they are beneficent in that they put an end to disputed claims, prevent litigation, quiet titles, and give rest and repose. No matter what may be the critcisms of the casuist, in the eyes of the law these statutes are no longer re-

garded as harsh, but furnish a defense, as meritorious as
any other. While our statutes of amendments are broad
and liberal, it is not every amendment allowable under
the statute that will relate back to the commencement
of the suit, operating to cut off the plea of the statute
of limitations, as to the matter introduced by the amend-
ment. It seems to be the settled rule that the amend-
ment, in order to come within the doctrine of relation
back to the commencement of the suit, must be but a
varying form or expression of the claim or cause of ac-
tion sued on, and the subject matter of the amendment
wholly within the *lis pendens* of the original suit. If the
matter introduced by way of amendment, although it be
such as might have been joined in a different count in
the original complaint, introduces a new claim, or a new
cause of action, requiring a different character of evi-
dence for its support, and affording a different defense
from that to the cause as originally presented, it will
not relate back to the commencement of the suit, so as
to prevent the plea of the statute of limitations to the
new matter thus introduced. In *King v. Avery,* 37 Ala.
169, where the amendment consisted in adding the name
of the husband as a party plaintiff with the wife, in
whose name the suit was originally instituted, it was
held that the amendment was not allowable, for that it
introduced a new claim, and changed the character of
the suit from that of the wife to that of the husband,
though the cause of action remained the same, and it
could not relate back to the commencement of the suit,
to prevent the operation of the bar of the statute, which
was complete at the date of the filing of the amendment.
In *Lansford v. Scott,* 51 Ala. 557, where the original
complaint contained a single count upon a promissory
note, and by leave of the court the plaintiff at a subse-
quent term amended his complaint by adding the com-
mon counts for goods sold and delivered, money had and
received and on an account stated, this court held that
the statute of limitations was pleadable in bar to the
common counts so introduced by amendment into a com-
plaint on a promissory note given for the same cause of
action; the limitation having expired since the com-

mencement of the suit on the note, but before the amendment was made. In the case of *People v. Judge of Newaygo Circuit Court, supra,* the original complaint was upon the common counts, and the amended declaration declared upon a contract which related to the same subject matter, setting out specifically the facts; and it was held by the court that there could be no relation back; that the bar of the statute being complete as to the amended counts at the time of the filing of the same, was a perfect defense. In *Mohr v. Lemle,* 69 Ala. 180, in an opinion by BRICKELL, C. J., it was said: "The latitude of amendments allowed to the plaintiff cannot be allowed to work injustice to the defendant, or to deprive him of any just or rightful defense. The plaintiff may introduce a new cause of action by amendment; but such amendment cannot have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced for that cause of action at the time of making the amendment. The whole doctrine of relation rests in a fiction of law, adopted to subserve, and not to defeat, right and justice. When an amendment introduces a new right or new matter, not within the *lis pendens,* and the issue between the parties, if, at the time of its introduction, as to such new right or matter the statute of limitations had operated a bar, the defendant may insist upon the benefit of the statute, and to him it is available as if the amendment were a new and independent suit," —citing approvingly *King v. Avery,* and *Lansford v. Scott, supra.* Again, it is said, in *Steiner v. Bank,* 115 Ala. 387; 22 So. Rep. 32, in an opinion by BRICKELL, C. J.: "'*Relatio est fictio juris*' is upheld to advance a right, not to advance a wrong, and it is said, the limitation of it so as to prevent it from doing injury to strangers, or defeating *mesne* lawful acts, is a common language of the books;" citing *Jackson v. Davenport,* 20th Johns. 551. "The general rule is that amendments of pleadings, without regard to the time or stage of the cause at which they are introduced, have relation to the commencement of the suit, or to the time when the mat-

ter could have been pleaded originally. But the relation is not imputed, if it would deprive a party against whom the amendment is made of any substantial right. If an amendment of a complaint introduces new matter, or a new claim, as to which the statute of limitations has perfected a bar, the bar cannot be avoided by referring the amendment to the commencement of the suit,"—citing *Mohr v. Lemle, supra.* The following authorities are also in line with the foregoing principles: *R. R. Co. v. Ledbetter,* 92 Ala. 326; 9 So. Rep. 73; *Baker v. Railway Co.,* 92 Ala. 314; 8 So. Rep. 466; *Railway Co. v. Smith,* 81 Ala. 229; 1 So. Rep. 723; *Tompkins v. Holt,* (Ala.), 8 So. Rep. 794.

It may be that in our decisions, when speaking on the subject of amendment, the employment of the expression of *new cause of action* is calculated to produce some confusion or misapprehension. But an analysis of these cases will be sufficient to show that the expression can be taken when so used as intending nothing more than a *new right or claim* arising out of the *same* transaction. If it were not so, that is to say, if the new cause of action was one arising out of a wholly different transaction from that laid in the complaint, then it would constitute what we have sometimes designated as an *entirely new cause of action,* and one which could not be introduced into the complaint by amendment, if objected to. Identity of transaction is, therefore, the basis for the introduction by way of amendments of counts on *new claims or rights* arising out of the same. If the matter sought to be introduced by amendment relates to an entirely different transaction from that laid in the complaint, it would be such a radical change as to constitute an entirely different cause of action, not allowable under our very liberal construction of the statute of amendments. In the case of the *Central R. R. & B. Co. v. Foshee,* 125 Ala. 199, the question was whether to a complaint charging simple negligence merely, a count may be added, charging willfulness or wantonness, or *vice versa,* and in an opinion by the present Chief Justice, it was said: "These authorities serve fully to support the proposition with which we began the discussion, namely,

that so long as counts added by amendment set up the same general transactions or occurrences upon which the original complaint relied for recovery they do not introduce an entirely new cause of action, and are not objectionable, though the form of action may be changed by them as from trover to case, or *vice versa,* or from case to trespass, etc.; and they further serve to differentiate the rule of amendments prescribed by the statute as construed by the court from the rule against departures in after pleading from the case made by the complaint. It is no objection to an amendment that it works a departure from the original complaint within the meaning of the rule last referred to." It is by virtue of the statute and the liberal construction put upon it by the courts, that an amendment which brings in a new right or claim arising out of the "same general transactions or occurrences" does not offend against the rule as to departure in after pleading. But the statute of amendments does not give the amendment an operation back to the commencement of the suit; so as to defeat the bar of another statute. This operation depends not upon the statute of amendments, but upon a legal fiction. It is, therefore, quite evident, that but for the statute, an amendment which introduces a new claim, though arising out of the same general transaction as declared on in the original complaint, would be subject to the rule against departures in after pleading, and there is nothing to differentiate amendments, when considered for the purpose of determining their right to relate back, from the rule against departures in after pleading. When considering amendments alone with reference to the question of their relation back to the commencement of the suit so as to cut off the bar of the statute of limitations, in determining whether they set up new matter or claim, it is by this common law rule against departure in after pleading that they may be tested. This conclusion was reached by the Supreme Court of the United States in the case of the *Union Pacific Ry. Co. v. Wyler,* 158 U. S. 285, where, in an opinion delivered by Mr. Justice WHITE, holding that the amendment did not relate

back, after citing cases of the Supreme Courts of the different states, among them some of the decisions of this court, cited above, it was said: "The legal principles by which the questions must be solved are those which belong to the law of departure, since the rules which govern this subject afford the true criterion by which to determine the question whether there is a new cause of action in case of amendment. In many of the States which have adopted the Code system, great latitude has been allowed in regard to amendments, but even in those States it is held that the question of what constitutes a departure in amended pleading is nevertheless to be determined by the common law, which thus furnished the test for ascertaining whether a given amendment presents a new cause of action by way of amendment." What constitutes a departure in pleading is thus stated in Stephen on Pleading, p. 410: "A departure in pleading takes place where a party deserts the ground that he took in his last antecedent pleading and resorts to another." In the case of *McAden v. Gibson*, 5 Ala. 341, it is said: "A departure in pleading is said to be when a party quits or departs from the case or defense which he has first made and has recourse to another; it occurs when the replication or rejoinder, etc., contains matter not pursuant to the declaration or plea, etc., which does not support or fortify it." It is quite plain, we think, that neither the second nor third count, here introduced by way of amendment, is *"pursuant"* to the first count, which constituted the original complaint, nor did it "support or fortify" it, but on the contrary, there was clearly a quitting or departure from the ground of liability as stated in the first count.

That a claim for money had and received for the use and benefit of the plaintiff, and a claim for goods sold by plaintiff to the defendant, are essentially different in nature or character, and especially in the evidential facts necessary to support the one or the other, we think hardly open to question. It is perfectly clear that evidence which would support an action for goods sold by plaintiff to the defendant would not support an action for money had and received by the defendant for the use

and benefit of the plaintiff, and *vice versa*. One claim rests upon a contract, express or implied, to pay for the goods sold, while the other has its foundation upon the equitable principle that the defendant has money which, *ex acquo et bono*, belongs to the plaintiff. Besides, the measure of plaintiff's recovery under the several counts in the amended complaint in the present suit is different under the rules of law. Under the first count, for money had and received, the measure of the recovery would be the amount or value of what came into the defendant's hands as the proceeds of the notes and securities; under the second count, which declares upon a special contract, the measure of recovery would be the stipulated price; under the third count, for goods, wares and merchandise sold, the measure would be the value of the notes themselves at the time of the sale,—of course in each instance, with the interest added. The rule of damages in actions for money had and received arises from the nature of the action, founded as it is upon the equitable principle which forbids one person from being unjustly enriched at the expense of another; while in a contract for the payment of money, which is express, its terms fix the amount due thereunder. Where an implied assumpsit is relied on, as for goods, wares and merchandise sold, when no price is fixed, the rule is that of a *quantum valebat*.

While this criterion of determining the character of amendments with reference to the principle of relation back to the commencement of the suit, has not heretofore been expressly stated by this court, it may here be observed, that in those cases where it was held that the amendment did not relate back so as to cut off the bar of the statute, the amendments were such as were violative of the common law rule against departure in after pleading. On the other hand, in those cases where the amendment was held to relate back, the new matter introduced presented no new claim or right arising out of the same general transaction, nor change of ground of liability from that originally laid in the complaint, but merely stated in varying forms of expression

the same claim or right in order to meet the different
phases of the testimony, and without the changing or
departing from the original ground of liability. The
new matter so introduced being within the *lis pendens,*
supporting and fortifying the original complaint, and
leaving the issue unchanged. As, for instance, in the
case of *Dowling v. Blackman,* 70 Ala. 303, cited by appel-
lant, the original complaint was in Code form, and
claimed $200.00, due by promissory note dated Decem-
ber 29, 1869, and payable January 1, 1871. The amend-
ed complaint set out the note in full, being for the same
amount, bearing the same date, and payable on the same
date as that described in the original complaint, but
shows that it contained contingencies upon the happen-
ing of which the note was not to be paid, and which con-
tingencies it was alleged had never happened. The ques-
tion arose as to whether the statute of limitations ran to
the date of the filing of the amendment. The court de-
cided that the amendment simply varied the description
of the instrument that was already in suit, and set up
no new claim or different ground of liability from that
declared in the original complaint. There can be no
doubt of the correctness of this decision, and it in no
wise conflicts with the principles we have above stated.
So, too, in the cases of *Winston v. Mitchell,* 93 Ala. 544,
and *Adams v. Philips,* 75 Ala. 461, both of which were
cases in equity; *Turner v. White,* 97 Ala. 545; *Manches-
ter Fire Ins. Co. v. Feibleman,* 118 Ala. 308; *L. & N.
R. R. Co. v. Wood,* 105 Ala. 561, and others, where the
amendments were held to relate back, they introduce no
new claim, and were not offensive to the rule against de-
partures in after pleading. They either merely supplied
the details of what was already alleged, or fortified and
supported the ground of liability as stated in the orig-
inal bill of complaint, and in no manner departed from
it and resorted to another.

In the light of the foregoing decisions, it is difficult to
understand how it can be seriously contended that a
new claim or new matter is not introduced by the second
and third counts from that sued on in the original com-
plaint. It is true, they may relate to the same subject

38

matter, (that is, the notes and securities claimed as the property of the plaintiff), but that fact will not prevent the claim introduced by way of amendment from the characterization of a new claim or new matter. In the cases which we have cited, the matter introduced by way of amendment related to, and grew out of, the same cause of action, and yet the objection to it as new matter or a new claim was not thereby obviated. Nor can the simple averment by the pleader, in the second and third counts, that it is the same cause of action as declared on in the first count, avail to bring the amendment within the doctrine of relation back to the commencement of the suit. This averment can but be considered as an opinion or conclusion of the pleader.

Our conclusion is, that the counts added by way of amendment to the complaint did not relate back to the commencement of the suit, and the statute of limitations ran to the date of their filing, and at which time, in this case, the bar was complete.

Under the plea of the general issue, filed to the first count, the burden of proof rested on the plaintiff to show that the defendant had and received money which, *ex aequo et bono,* belonged to the plaintiff. We have carefully considered the evidence in the case, and are unable to find that it anywhere shows that the defendant bank ever had and received money, or other thing of value, to which the plaintiff was entitled, nor evidence of any facts from which the jury might reasonably infer such fact. Evidence that defendant discounted and purchased the notes, which the plaintiff had authorized O. O. Nelson, her husband and agent, to sell for her, would not authorize a jury to presume that he, O. O. Nelson, after receiving the purchase money, then deposited the same with the defendant, or that the defendant, in the first instance, in making the discount and purchase, paid for the notes by giving O. O. Nelson credit on its books.

There being no evidence that the money paid for the notes was deposited by Nelson with the defendant to his credit, or that the money was entered by the defendant

to the credit of Nelson without actually paying it over, nor any evidence from which the jury might fairly and reasonably draw such conclusion, the court committed no error in giving the general charge as requested by the defendant.

The view we have taken of the case renders it unnecessary to consider the other questions presented by the record, which relate to the rulings of the court on special pleas and replications thereto, since if there was error in any of these rulings it was error without injury. There being no reversible error in the record, the judgment of the lower court will be affirmed.

On application for a rehearing by the appellant, we were of the opinion, and so ruled, that we had committed an error in holding that the general charge was properly given for the defendant, but afterwards, upon application by the appellee for rehearing, and still further argument by counsel, and further consideration of the case, we became fully satisfied and confirmed in the correctness of our first conclusion, that there was nothing in the evidence to require a submission of the case to the jury.

Affirmed.